Merrimack,
No. 4655.

IRVILLE A. SARGENT *v.* ALTON.

Argued May 6, 1958.

Decided June 20, 1958.

332

*Robert D. Branch* and *Frederick W. Branch* (*Mr. Robert D. Branch* orally), for the plaintiff.

*Nighswander, Lord & Bownes* and *Conrad E. Snow* (*Mr. Snow* orally), for the defendant.

DUNCAN, J. The plaintiff was the owner of a summer cottage at Alton Bay, which he acquired in 1942. Water was supplied to the cottage by the defendant town through a "summer line" which ran above frost level, and was shut off each fall and turned on again in the following spring. The plaintiff's evidence tended to prove the following facts. After the supply was turned off in the fall of 1954, the plaintiff according to his custom opened all faucets and traps in his cottage in order to drain the pipes, and these were left open throughout the winter. Customarily the shut-off at the street, between the main and the line to the cottage, was left open, but in the spring it would be found closed, and the plaintiff would ascertain whether the main supply was on by opening this valve.

The town maintained drain cocks at intervals along the main line one of which was near the plaintiff's property. These drain cocks were customarily opened in the fall and closed again in the spring when the supply was turned on. Most of the cottage service line valves along the main line were underground, and a number of cottages had privately owned shut-off valves on their individual service lines.

On April 15, 1955, the plaintiff visited his cottage and finding that the water supply had not been turned on, closed the valve

at the street, in anticipation that the main supply would soon be turned on. He next visited the cottage on April 22, and when he opened the door found water pouring through the cottage. He immediately closed the valve at the street, and notified two of the water commissioners, who accompanied him to the cottage.

The plaintiff offered to prove that upon viewing the damage one of the commissioners stated in the presence of the plaintiff and his wife that "the driver of the truck must have turned the valve on instead of turning it off." This evidence was excluded subject to exception. The plaintiff also offered to prove the same declaration through the commissioners, and the evidence was again excluded.

The plaintiff further offered to prove that the practice on the part of the plaintiff and the owner of an adjoining cottage, of leaving the faucets open throughout the winter, was known to the water commissioners, and that for many years the adjoining owner had found it necessary to open the valve at the street in order to have water at his cottage. The evidence so offered was likewise excluded.

It is our opinion that the plaintiff's offers of proof were erroneously denied. The evidence that one of the defendant's water commissioners had stated that an employee must have mistakenly opened the valve at the time when the main supply was turned on, although hearsay, was competent evidence of the facts stated. At the trial the plaintiff urged that the testimony be received "as a part of the *res gestae.*"

Hearsay evidence in the form of a spontaneous declaration is not admissible in evidence unless shown to have been made under circumstances found to afford a guarantee of truthfulness. *Semprini* v. *Railroad,* 87 N. H. 279, 280. There was no indication here that the statement of the commissioner was made under "continuing excitement" of the event calculated to produce an involuntary statement "without opportunity for reflection." *Bennett* v. *Bennett,* 92 N. H. 379, 386. Hence the Trial Court did not err in refusing to admit the evidence upon the ground suggested.

On the record before us however, the declaration was admissible as an admission of a party. Admissions are received in evidence upon the assumption that what a party "admits to be true, may reasonably be presumed to be so." *Caswell* v. *Maplewood Garage,* 84 N. H. 241, 244; *Janus* v. *Akstin,* 91 N. H. 373, 374. Personal knowledge on the part of the declarant is not a prerequisite. *Janus* v. *Akstin, supra.* However, it is also settled that "in order for

[such] extra judicial statements . . . to be used as affirmative evidence . . . there must be proof that . . . the speaker was the party's agent, authorized to speak for him." *Caswell* v. *Maplewood Garage, supra,* 244.

The declarant in this case was a water commissioner of the town. His position as such carried with it authority in the management, control and direction of the water works system upon which no specific limitations were shown to have been imposed by the town. RSA 38:16. There was evidence that the declaration was made in the course of investigating a complaint of damage, an activity within the scope of the apparent authority of the commissioner in attending to the ordinary business of his office. See *Moulton* v. *Beals,* 98 N. H. 461, 463. In the absence of any showing of limitation upon the declarant's authority, the evidence was admissible as tending to show responsibility on the part of the town for what occurred. *Gray* v. *Rollinsford,* 58 N. H. 253. See also, *Glidden* v. *Unity,* 33 N. H. 571.

Since the evidence was erroneously excluded, there must be a new trial, unless the defendant would be entitled to a nonsuit even if the evidence were received. In determining this question consideration should be given to other evidence as to which an offer of proof was made by the plaintiff.

This evidence would have consisted of testimony that the commissioners were aware of the practice of the plaintiff and an adjoining owner of leaving the faucets in their properties open through the winter. Since this was evidence that the defendant knew or should have known of the risk of damage to the plaintiff's property unless the street valve was closed before the main supply was turned on, it was material evidence in support of the plaintiff's claim, and should have been received.

Other evidence, also offered and excluded, that over a period of years the adjoining owner had found it necessary to open the street valve each spring would have corroborated the plaintiff's testimony to the same effect, and supported his claim that the valves were customarily closed by the defendant before the main supply was turned on. See *Stanton* v. *Mills,* 94 N. H. 92, 95.

If upon new trial the proof offered by the plaintiff is forthcoming, we consider that the plaintiff's case will sufficiently present an issue for the jury. As the defendant points out, the possibility exists on the present record that the plaintiff was mistaken in believing that he closed the valve on April 15, 1955, and that he

himself had in fact opened it at that time. Likewise it is not beyond the realm of possibility that some passerby meddled with the valve after the plaintiff had closed it, and that the former had left it open. Whether it is more probable than not that the valve was closed and that its later opening is chargeable to the defendant will be a proper issue for the jury if the proof excluded at the first trial is produced. See *Crocker* v. *Company*, 99 N. H. 330, 334, and cases cited. The plaintiff is not required to disprove the existence of all possible causes of his loss aside from the defendant's negligence. *Descoteau* v. *Boston & Maine R. R.*, 101 N. H. 271, 276.

*New trial.*

All concurred.