Hillsborough,
No. 5086.

EDWARD J. ROY *v.* STATE.

Argued February 6, 1963.

Decided May 28, 1963.

514

*Devine, Millimet, McDonough, Stahl & Branch (Mr. Joseph A. Millimet* orally), for the plaintiff.

*William Maynard,* Attorney General and *Alexander J. Kalinski,* Assistant Attorney General (*Mr. Kalinski* orally), for the State.

KENISON, C. J. The State's exceptions to the admission of evidence, its motion to strike the plaintiff's testimony as to market value and damage by the taking and its motion to set aside the verdict are based primarily on the contention that the plaintiff "did not know what market value meant, or if he did, he was not willing to testify objectively about it with reference to his own land." Our examination of the three volumes of testimony and the exhibits in this case confirms the concession of plaintiff's counsel that "although Roy was an expert real estate subdivider, he was not an expert testifier." The crucial issue is whether the Trial Court could find that the witness was qualified and that his testimony would be of assistance to the jury. *Dowling* v. *Shattuck,* 91 N. H. 234; *Ricker* v. *Mathews,* 94 N. H. 313, 317; *Berry* v. *State,* 103 N. H. 141, 144.

"The opinions of witnesses as to the value of any real estate, goods or chattels may be received as evidence thereof, when it appears to the court that they are qualified to judge of such value." RSA 516:29. This statute was enacted in 1867 to confirm, in effect, the dissenting views of Chief Justice *Doe* so that "opinion evidence of property values is now received whenever the trial court finds it will probably aid the trier" [of fact]. *Eames* v. *Corporation*, 85 N. H. 379, 385. See 7 Wigmore, Evidence (3d ed.) *s.* 1943, *p.* 53; Maguire, Hearsay Obscurity — Glimmers of Daylight, 3 N. H. Bar J. 145, 146 (1961); Greene, Eminent Domain in New Hampshire, 1 N. H. Bar J. (No. 3) 12, 18 (1959). We are aware that the testimony of a landowner as to the value of his land may be bottomed in bias. It is not too much to expect that jurors are likewise aware of the tendency of such a witness to consciously or unconsciously inflate his damages from a condemnation of his property and that they will discount it accordingly. West, Preparation and Trial of a Condemnation Case, Fourth Annual Institute on Eminent Domain 67, 103 (The Southwestern Legal Center, 1962).

The disparate estimates of valuation and damages in eminent domain proceedings are not new and will probably continue in the future. Human nature being what it is, there continues to be a painful gap between what the owner demands and the condemnor is prepared to pay. *Stratton* v. *Jaffrey*, 102 N. H. 514. In the present case the plaintiff testified in effect that his damages were $58,000, while the State's witnesses testified to damages of $9,300, $14,000 and $17,500 respectively. As was noted in *Edgcomb Steel Co.* v. *State*, 100 N. H. 480, 492, the fact that the jury adopted none of the witnesses' figures indicates that the plaintiff's "cross-examination was not without effect."

It was evident that at times the plaintiff during his cross-examination was confused in expressing his concept of market value and that on occasion he was expressing the value of his property to himself rather than the value to a willing seller and a willing buyer. *Davis* v. *State*, 94 N. H. 321, 322. Nevertheless the plaintiff's testimony was directed at what a prospective purchaser would take into account in determining what the property was worth as a whole if devoted to the sale of building lots. It was not open to serious question that plaintiff's property was entitled to be valued at its most advantageous use to which it could be placed on the day it was condemned (*Emmons* v. *Company*, 83 N. H. 181, 184) and its use for house lots was generally

acknowledged in this case to be its most advantageous use. *Buena Park School Dist.* v. *Metrim Corp.*, 176 Cal. App. 2d 255. If this use had been speculative, remote or nebulous, the value of the individual lots would not have been competent evidence on the value of the whole tract. *Tigar* v. *Mystic River Bridge Authority*, 329 Mass. 514; *Pennsylvania S. V. R. Co.* v. *Cleary*, 125 Pa. 442. However on the record in this case the land development was not a paper tiger and its adaptability for house lots was a genuine use value which the jury were entitled to consider. 4 Nichols, Eminent Domain (3d *ed.*) s. 12.3142[1].

The ruling of the Trial Court that the plaintiff landowner was a qualified witness is supported by the record and the law in this jurisdiction. 3 Wigmore, Evidence (3d *ed.*) s. 714; *Edgcomb Steel Co.* v. *State*, 100 N. H. 480, 492; RSA 516:29. The deficiencies in the plaintiff's testimony, exposed by careful cross-examination, went to the weight of his testimony rather than its admissibility. *Edgcomb Steel Co.* v. *State, supra.* In connection with our conclusion that the Trial Court was correct in refusing to set aside the verdict or strike the plaintiff's testimony, it should be emphasized that prior to any testimony in this case the Presiding Judge carefully instructed the jury that they were to determine the value of property as a whole unit "and not add up what separate lots might bring and determine the value that way." Furthermore at the close of the evidence the jury were instructed on market value in accordance with the rules laid down in *Edgcomb Steel Co.* v. *State*, 100 N. H. 480, 486-487.

Objection was made to certain plans and subdivision plans that were prepared by a civil engineer employed by the plaintiff. Insofar as the objection was based on the ground that the plans were immaterial, the discretionary authority of the Presiding Judge to admit them was not abused. *Tucker* v. *Hampton*, 96 N. H. 28. One subdivision plan admittedly had not been approved by the city but this did not exclude it as evidence of a contemplated use of the land. 4 Nichols, Eminent Domain (3d *ed.*) s. 12.3142[1] *p.* 183.

The State objected to the admission of certain rebuttal testimony by the plaintiff's witnesses which it claims was new evidence and not rebuttal evidence. The admissibility of this evidence was discretionary with the Trial Court. *Davidson* v. *Davidson*, 80 N. H. 589; *Coleman* v. *Burns*, 103 N. H. 313. Moreover the Court instructed the jury that it was not evidence of the value of plaintiff's property but only admitted to test the opinions of

518

the experts testifying for the State. Error is claimed in that the Court did not properly limit the cross-examination of one of the State's experts. The cross-examination related to the factors to be considered in arriving at the market value of a tract of land usable for a subdivision and was proper. See *Amoskeag-Lawrence Mills* v. *State*, 101 N. H. 392, 398.

Our examination of the record and briefs in this case convinces us that the trial was free of any prejudicial error and that although the award of damages made by the jury could have been less, it was not excessive. *Parkinson* v. *State, supra*. Accordingly the Trial Court's denial of the motion to set aside the verdict was proper.

*Judgment on the verdict.*

All concurred.