Strafford,
No. 5699.

Dorene A. Cormier &*a.*

*v.*

Lloyd E. Conduff.

Argued February 7, 1968.
Decided April 30, 1968.

*Hartnett & Moher* ( *Mr. Charles F. Hartnett* orally ), for the plaintiffs.

*Boynton, Waldron & Dill* ( *Mr. Richard E. Dill* orally ), for the defendant.

GRIFFITH, J.   These are four actions arising out of a collision on December 15, 1964 on Piscataqua Road in Dover between a Volkswagon operated by plaintiff Dorene A. Cormier, and a Ford Sedan operated by defendant Lloyd E. Conduff. Plaintiff Patricia A. Curry was a passenger in the Cormier vehicle. Francis H. Cormier and Patrick H. Curry have brought actions for consequential damages as husbands of the two principal plaintiffs. Trial by jury resulted in a verdict for the defendant in all four actions. Plaintiffs' bill of exceptions was transferred by *Morris,* J.

The road ran generally north and south and immediately prior to the accident the Cormier car which had been traveling in a southerly direction was making a left-hand turn into a driveway, at the home of Mr. and Mrs. Cummings. The Conduff vehicle proceeding in a northerly direction collided with the Cormier vehicle at the driveway. The road south of the Cummings driveway was uphill for some thirty to thirty-five feet and then downhill so that for some of the time when the defendant was south of the crest the two cars were not visible to each other. Near the crest of the hill was a twenty-five mile an hour limit sign. The defendant testified that his speed was forty miles per hour prior to the accident and agreed that he was speeding at the time of the accident.

The plaintiff in argument waived exception to the submission to the jury of the issue of contributory negligence of plaintiff Cormier and relies specifically upon three claims of error.

We consider first plaintiff's exception to the exclusion by the Trial Court of the opinion of a Dover police officer as to the speed of the defendant Conduff's vehicle determined from brake marks of approximately one hundred fifty-six feet in length. It appeared from the testimony of the police officer and the offer

of proof made by plaintiffs' counsel that the officer had some ten years' experience in police work including special training in the investigation of accidents. The officer proposed to compute the speed of the defendant's car prior to the accident by use of a template. The objection by defendant's counsel particularly called the Trial Court's attention to the fact that the skid marks were not over a level road but over the crest of a hill. The Trial Court by excluding the opinion evidence found that it would not aid the jury.

There are few areas under the law in this state where a Trial Judge has wider discretion than in the admission or exclusion of opinion evidence. *Ricker* v. *Mathews,* 94 N. H. 313, 317. Subsequent to *Paquette* v. *Company,* 79 N. H. 288 and *Gardner* v. *Company,* 79 N. H. 452, which removed restrictions on the admission of opinion evidence on matters of common knowledge the cases have uniformly upheld the Trial Court's admission of opinion evidence. *Currier* v. *Grossman's,* 107 N. H. 159; *Zellers* v. *Chase,* 105 N. H. 266; *Walker* v. *Walker,* 106 N. H. 282. Consistency in the application of the rule requires that the Trial Court's exclusion of opinions be supported unless there is clear abuse of discretion. Estimating speed from skid marks involves numerous factors including weight of vehicles, nature of road surface and slope and the coefficient of friction. See 47 Marquette L.R. 491; 1963 Ins. Law Journal 340. The Trial Court was obviously not satisfied that the testimony and offer of proof sufficiently took into account all of the factors existing in this case necessary for a meaningful opinion. Its finding may not be overruled by this court. *Salisbury Beach Associates* v. *Littlefield,* 89 N. H. 447, 448.

The Trial Court's charge to the jury included portions of RSA 262-A:42 I, as follows: "No person shall turn a vehicle at an intersection . . . or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. *No person shall so turn any vehicle without giving an appropriate signal . . . .* " ( Emphasis supplied ).

The plaintiff excepted to the charge permitting the jury to consider the turning statute and "particularly the portion relating to the signal, as to the conduct of Mrs. Cormier." While there was evidence to warrant submission of the statute exclusive of the

last sentence, there was no evidence from which the jury could find that the turning signal was not given or that a failure to give it would have been causal of the accident. It appears that the last sentence was included inadvertently, since the remainder of the statute defining "appropriate signal" was not given.

The test to determine whether or not the instructions unauthorized by the evidence are grounds for reversal is whether "the jury could have been misled." *Charrier* v. *Railroad,* 75 N. H. 59, 64. The case of *Berounsky* v. *Ogden,* 90 N. H. 334, 336, relied upon by the plaintiffs concerns an erroneous charge where the jury was told a statute "probably" had some application. The court ruled that the jury could have been misled by the instruction. In the instant case, however, the jury was instructed that whether the statute was violated and whether violation was causal to the accident was for their determination. In our opinion considering the charge as a whole in all probability the jury could not have been misled ( *State* v. *Story,* 97 N. H. 141, 161; *Lindberg* v. *Swenson,* 95 N. H. 184, 186 ) and the exception is overruled.

The third exception relied upon by the plaintiff is to the submission to the jury of the issue of the contributory negligence of plaintiff Curry, the passenger.

Mrs. Curry testified that prior to the accident she was looking in the direction of the defendant's car but that she did not see the headlights of defendant's car until it was almost on top of them. She further testified that if she had seen the lights coming she would have warned Mrs. Cormier, her driver. Mrs. Cormier, the driver, testified that she looked in the direction of the defendant's car and there was nothing in her testimony to indicate that she was in any way relying upon any observation but her own.

In the absence of knowledge that a driver is unsuitable a passenger is under no general requirement to keep a lookout and may not be found contributorily negligent for failure to look. *Laflamme* v. *Lewis,* 89 N. H. 69, 77; *Mason* v. *Andrews,* 86 N. H. 277, 279; *LePage* v. *Theberge,* 97 N. H. 375; *Cyr* v. *Railroad,* 88 N. H. 278, 281; *Griswold* v. *Richards,* 105 N. H. 214, 217. Unlike the case of *Bixby* v. *Railroad,* 94 N. H. 107 the passenger had not undertaken to act as a lookout for the driver thus becoming charged with a responsibility to act carefully for her own protection.

In the absence of any knowledge on the part of Mrs. Curry that she was required to keep a lookout for her own protection she cannot be said to have incurred an "undue risk of harm" to herself by either careless observation or complete inattention. *Hoen* v. *Haines,* 85 N. H. 36, 38; *Haney* v. *Burgin,* 106 N. H. 213; Restatement (Second), Torts, *s.* 463, *comment* b; *Rutz* v. *Iacono,* 229 Minn. 591, 595. See Annot. 42 A.L.R. 2d 350. "In order to bar the plaintiff from recovery . . . it is necessary that the plaintiff know or should know that it is essential for his safety to control the conduct of the third person." Restatement (Second), Torts, *s.* 495, *comment* d. It follows therefore that in this case it was error to submit the issue of the passenger's contributory negligence to the jury.

> *In the actions Cormier v. Conduff, exceptions overruled. In the actions Curry v. Conduff, exceptions sustained; new trial.*

GRIMES, J., dissented; the others concurred.

GRIMES, J., *dissenting:* I dissent from that part of the opinion of the court which holds it to have been error for the Trial Court to submit the issue of the passenger's contributory negligence to the jury. She was actually looking south prior and during the turn, she had lived in the area of the accident, knew the location of the Cummings' driveway with respect to the crest of the hill, knew there was a "blind spot," knew that the driver was going to turn left into a driveway flanked by snowbanks and a stonewall, and knew they would be traveling very slowly across a dangerous area.

It was also findable that the rays of defendant's lights were in fact visible to one in the passenger's position who was looking carefully and that she should have expected that the driver's attention would be divided between looking south and at the driveway entrance.

In *Hoen* v. *Haines,* 85 N. H. 36 the plaintiff was a passenger in the front seat of an automobile which collided with another car proceeding in the opposite direction on a bridge with single line traffic. The question of her contributory negligence was submitted to the jury. A new trial was ordered, not because the issue should not have been submitted but because the Trial Judge

erred in failing to instruct the jury in part that in determining whether she kept "a reasonable lookout ahead" they should consider among other factors the circumstances that she was a passenger and not the driver, that the precautions she was bound to take were much less than if she were the driver and that she was not called upon to warn of the approach of danger unless she knew or should have known that the driver was unaware of it. The court said that the standard of duty is the same for passenger and driver but that the conduct required to fulfill that duty is different because the circumstances are different.

In submitting the issue in the case at bar the Trial Judge fully instructed the jury as to those matters which the Trial Judge in *Hoen* v. *Haines* had omitted.

*Cyr* v. *Railroad,* 88 N. H. 278 held that there was an issue for the jury with respect to the negligence of a passenger at a grade crossing but that the evidence did not require a finding of negligence. In *French* v. *York,* 99 N. H. 90 involving an intersection accident it was said not that no watchfulness on the part of the passenger was required but simply that less watchfulness was required of her than of the driver, citing *Hoen* v. *Haines.* While it was held that the passenger could not be found negligent as a matter of law the issue was returned for determination as a matter of fact by the jury. *Laflamme* v. *Lewis,* 89 N. H. 69 held there was no issue for the jury but the question related to the operation of a windshield wiper and there were no circumstances which would cause a reasonable person to anticipate danger.

*Mason* v. *Andrews,* 86 N. H. 277 and *LePage* v. *Theberge,* 97 N. H. 375 were both cases where the accident occurred while the passenger, with no reason to expect danger, had turned to do something in the rear of the car. *Griswold* v. *Richards,* 105 N. H. 214 involved passengers who had consented to a speed test in one direction. The court held the issue of their contributory negligence on the return trip where the accident happened was a question for the jury.

The cases indicate that factors other than the unsuitableness of a driver may impose upon the passenger a duty to keep a reasonable lookout as for example those encountered in *Hoen* v. *Haines, Cyr* v. *Railroad* and *French* v. *York.* There is at least as much reason for care on the part of the passenger in the case at bar. While I agree that lacking knowledge of unsuitableness of

the driver, and in the absence of any reason to anticipate danger, a passenger may be justified in sleeping, reading or otherwise directing his attention from the road ahead as in *Mason* and *LePage*. But when the passenger is in fact observing the road ahead and has reason to anticipate danger as in this case it is in my opinion a jury question under proper instructions whether he exercised due care with respect to lookout and warning.