Hillsborough
No. 82-129

JOSEPH R. PETERS

v.

SEAN MCNALLY

June 17, 1983

*Emile R. Bussiere P.A.*, of Manchester (*Richard J. Walsh* on the brief), by brief for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Richard B. McNamara* on the brief), by brief for the defendant.

BOIS, J.   This case stems from a motor vehicle accident in which the plaintiff, Joseph R. Peters, who was operating a motorcycle, collided with an automobile driven by the defendant, Sean McNally. The plaintiff brought suit against the defendant to recover damages for personal injuries allegedly incurred in the accident. Following a three-day jury trial, a verdict was returned in favor of the defendant, and the plaintiff appeals. The issues presented on appeal are whether the Trial Judge (*Dalianis*, J.) erred in denying the plaintiff's motion in limine to exclude certain evidence, and in refusing to reopen the case, after both parties had rested, to permit the plaintiff to introduce rebuttal evidence. We affirm.

During the course of the second day of trial, the plaintiff filed a motion in limine to prevent the defendant from introducing any testimony of the police officer who investigated the collision, including testimony about the speed of the plaintiff's motorcycle prior to the collision. The trial court denied the motion and permitted the officer to testify that in his opinion, based on various observations and calculations, the plaintiff had exceeded the speed limit prior to the accident.

Relying on *Cormier v. Conduff*, 109 N.H. 19, 241 A.2d 795 (1968), the plaintiff claims that the defendant failed to lay a sufficient foundation to permit the introduction of the officer's opinion evidence. He first argues that the testimony of the officer was unreliable because it was based in part upon an allegedly erroneous assumption that a vehicle's weight, alone, is but a small factor in the calculation of speed from skid marks. The plaintiff appears to inter-

pret the statement in *Cormier* that "[the] estimating [of] speed from skid marks involves numerous factors including *weight of vehicles*, nature of road surface and slope, and the coefficient of friction," as rendering vehicular weight, as a matter of law, the predominant factor in the calculation of a vehicle's speed. *Id.* at 21, 241 A.2d at 796. (Emphasis added.)

██ We are not persuaded by the plaintiff's argument. Although vehicular weight is one factor to be considered in the determination of speed, there is no prescribed formula as to the degree of its significance; qualified experts may disagree on the importance of this factor. Thus, the plaintiff's reliance on *Cormier v. Conduff*, 109 N.H. at 21, 241 A.2d at 796, is misplaced; his objections go to the weight of the evidence, a factual determination, rather than to its admissibility, which is a matter of law. *See Lane v. Ackley*, 120 N.H. 127, 128, 411 A.2d 1135, 1136 (1980).

██ The plaintiff further argues that the officer's testimony was unreliable because the officer did not sufficiently take into account all the factors necessary for a meaningful opinion. *See Cormier v. Conduff*, 109 N.H. at 21, 241 A.2d at 796. In determining the admissibility of opinion evidence, the trial judge must consider whether the testimony will assist the jury, and whether the potential prejudicial effect of the evidence outweighs its probative value. *State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980). It is well settled that the trial judge has wide discretion in the admission and exclusion of opinion evidence, and that we will uphold his ruling unless there is a clear abuse of discretion. *Dunlop v. Daigle*, 122 N.H. 295, 300, 444 A.2d 519, 522 (1982); *State v. Baker*, 120 N.H. at 775, 424 A.2d at 172–73.

██ A review of the record in this case shows that, because of the officer's specialized training and experience, his expertise is not open to serious question. *See Jones v. Jones*, 113 N.H. 553, 554–55, 311 A.2d 522, 524 (1973); *Currier v. Grossman's*, 107 N.H. 159, 161, 219 A.2d 273, 275 (1966). The record further discloses that the officer went to the accident scene, observed the size, weight, and type of the vehicles involved, and noted the type, condition, and grade of highway surface. He considered the positions of the vehicles after the accident, the damage to each vehicle, and the debris at the scene. He also examined and measured the skid marks made by the motorcycle, determined the point of impact, and took photographs which were later admitted into evidence. Finally, he testified that he owned and operated a motorcycle similar to that of the plaintiff. Because the record establishes that the officer's testimony

would be of assistance to the jury, we hold that the trial judge did not err in permitting the testimony.

The plaintiff next assigns as error the trial court's refusal to permit the reopening of his case, on the third day of trial, to allow him to present rebuttal evidence to counteract the investigating officer's testimony. The record reveals that both parties rested their cases and the evidence was closed on the second day of the trial. Arguments of counsel, the court's instructions to the jury, and deliberation by the jury were scheduled for the following morning. The defendant, with the agreement of the plaintiff, was excused from attending the final day of trial for personal reasons. Prior to the resumption of the case on the final day, the plaintiff moved to reopen the case to present a rebuttal witness.

Counsel for the plaintiff informed the court at a bench conference that it was necessary to reopen the case because the plaintiff was surprised by the court's ruling allowing the investigating officer to express the opinion that the plaintiff's speed was excessive. The plaintiff sought to rebut the officer's testimony concerning the factors which should be considered in determining speed from skid marks. His offer of proof was that his expert would have testified that no rational conclusion could be drawn from the skid marks other than that the plaintiff's speed was reasonable. The trial court denied the plaintiff's motion.

The plaintiff concedes that rebuttal testimony is permitted in the sound discretion of the trial court. *See Roy v. State*, 104 N.H. 513, 517, 191 A.2d 522, 525–26 (1963); SUPER. CT. R. 70. He argues, however, that fairness and equity required that the rebuttal testimony be permitted in this case. On the other hand, the defendant argues that the plaintiff's offer of proof was insufficient because it failed to indicate that the plaintiff's expert had any specialized training or experience. The defendant further argues that the plaintiff should not have been surprised by the testimony of the investigating officer because the officer's opinion was stated in a police report which the plaintiff had had an opportunity to examine.

We agree with the defendant. The speed of the plaintiff's motorcycle was obviously an important factor in the case. Both the plaintiff and his passenger were unable to state the speed of their vehicle, but did testify that in their opinion it was reasonable and within the posted speed limit. The investigating officer's report, which contained an estimate of excessive speed, was available for the preparation of the plaintiff's case and, as such, was part of the evidence to be reckoned with. We do not accept the plaintiff's unrealistic argument that he was surprised when the court allowed

the oral testimony of the officer into evidence and that he was not required to anticipate an adverse ruling on his motion in limine. Accordingly, we conclude that the trial court did not abuse its discretion in denying the plaintiff's motion to reopen the case.

*Affirmed.*

All concurred.