Hillsborough
No. 83-273

## DAVID TULLGREN

v.

## PHIL LAMOY REALTY CORP.

October 26, 1984

*James M. Winston,* of Manchester, by brief and orally, for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*James Q. Shirley* on the brief and orally), for the defendant.

KING, C.J.    This case comes before the court on an appeal by the defendant objecting to the admission of certain testimony by the trial court. At issue is the admission of the following evidence:

1. prior oral admission by defendant's corporate officer who was deceased at the time of trial; and
2. architect's testimony as an expert witness concerning good architectural practice and design.

The Superior Court (*Souter*, J.) admitted testimony on both issues, and we affirm the trial court's evidentiary rulings.

This is an action to recover for injuries sustained by the plaintiff in a fall from the roof of a building which occurred on July 7, 1974, at approximately 8:00 p.m. The building from which the fall took place housed a grocery store owned by the defendant and subleased to the plaintiff by a third party.

On the day of the plaintiff's injury, the compressors that operated the various refrigerator units in the store were rendered inoperative by an electrical storm, and the plaintiff was called by the store manager to help restore the compressors to service. A refrigerator serviceman was also called to the store to repair the compressors, and he was assisted by the plaintiff while making the repairs. During the repairs to the compressors, which were located on the roof, the plaintiff stepped off the edge of the roof and fell a distance of about twenty feet. At the time the plaintiff fell, it was dark and the roof was not lighted.

The plaintiff suffered injuries to his hip and back as a result of the fall and brought an action sounding in negligence against the defendant to recover for his injuries. The plaintiff claimed that the defendant had breached its duty of care by placing compressors close to the edge of the roof and by failing to provide a protective railing which would have prevented anyone servicing the compressors from falling off the roof. A trial by jury resulted in a verdict for the plaintiff in the sum of fifty thousand dollars.

During direct examination, the plaintiff testified that six weeks before the accident, Phil Lamoy, a stockholder and officer of the defendant corporation, told plaintiff that he was going to have a fence installed around the compressor area because OSHA was bothering him. This testimony was admitted over objection and exception by the defendant.

Additional evidence offered by the plaintiff was the expert testimony of an architect who was questioned as to the proper placement of compressors and protective railings on roofs. The architect testified that in his opinion the compressors were too close to the edge of the roof to allow proper access for maintenance and repair.

Basing his opinion on good architectural practice and design, the architect testified that some type of a railing should have been provided to prevent a fall from the edge of the roof. The defendant objected to the expert's testimony, claiming that the opinion relied upon building codes not in effect for the premises at the time of the accident. The court admitted this testimony over the defendant's objection and exception and ruled that his opinion could be given based upon good architectural practice, without reference to specific building codes.

On appeal the defendant claims that the plaintiff's testimony relating to the conversation between the plaintiff and Phil Lamoy was hearsay and was improperly admitted. Mr. Lamoy was deceased at the time of trial. In New Hampshire, hearsay rules are governed by case law, with certain statutory exceptions. The defendant claims that the admissibility of that conversation is governed by RSA 516:25, which states:

> "Declarations of Deceased Persons. In actions, suits or proceedings by or against the representatives of deceased persons, including proceedings for the probate of wills, any statement of the deceased, whether oral or written, shall not be excluded as hearsay provided that the trial judge shall find as a fact that the statement was made by decedent, and that it was made in good faith and on decedent's personal knowledge."

The trial judge did not refer to this statutory exception in making his ruling on the testimony of the prior conversation with the decedent, Mr. Lamoy, nor did counsel's objection focus on it. Instead, the trial judge determined that the conversation was admissible as an admission by Mr. Lamoy that a potential hazard existed on the property. The plaintiff did not seek to prove that OSHA had taken any action with respect to the defendant, but instead sought to admit Mr. Lamoy's statement to establish Mr. Lamoy's knowledge of a hazard existing six weeks before the accident when he was showing the plaintiff the compressors on the roof. We find that the record supports the trial judge's conclusion that the plaintiff's testimony with respect to the statement by Mr. Lamoy was admissible as an admission against interest.

The proper analysis of a potential hearsay problem is to consider the common law exceptions under New Hampshire case law and only then, if those exceptions fail to yield admissible evidence, to consider any statutory exceptions which may apply. In this case, the trial judge admitted the statement based upon the New Hampshire

common law and therefore was never asked to do an analysis under RSA 516:25.

■■ The statement by Mr. Lamoy was an admission of the existence of a potential hazard and of a reasonable remedy to that hazard. Whether or not OSHA was pressuring defendant, the fact that defendant's corporate officer believed that a guardrail was necessary to prevent a dangerous condition was relevant to the defendant's duty to take reasonable steps to remedy a hazardous condition on the premises. Admissions are not considered to be inadmissible hearsay evidence, because a party would not cross-examine itself as to its own prior inconsistent statements. 4 WIGMORE, EVIDENCE § 1048.7 (Chadbourn Rev. 1972). "Admissions are received in evidence upon the assumption that what a party 'admits to be true, may reasonably be presumed to be so.'" *Sargent v. Alton*, 101 N.H. 331, 333, 143 A.2d 411, 413 (1958) (quoting *Caswell v. Maplewood Garage*, 84 N.H. 241, 244, 149 A. 746, 749 (1930)).

■ This court has held that the admissibility of an admission by a party's agent depends upon that agent's authority to speak for the party. Such authority is governed by the law of agency. *Caswell v. Maplewood Garage*, 84 N.H. at 244, 149 A. at 749–50; *see also* 4 WIGMORE, EVIDENCE § 1078 (Chadbourn Rev. 1972). Mr. Lamoy made his statement to the plaintiff, about his intention to install a guardrail around the compressors on the roof, when the plaintiff was considering entering into a sublease of the premises from a third party. At the time he made that statement, Mr. Lamoy was a stockholder and officer of the defendant corporation, which owned the premises. Further, he was showing the plaintiff the building because the plaintiff was considering a sublease of the premises.

■ This court has looked to the circumstances surrounding a transaction in evaluating whether or not an agent is acting with authority when making an admission. *Sargent v. Alton*, 101 N.H. at 334, 143 A.2d at 413. A lack of evidence of limitations upon an agent's authority to make admissions tends to show that the authority existed. *Id.* The role of Mr. Lamoy as shareholder and officer, his act of showing the plaintiff the compressors, and the defendant's failure to present any evidence of a limitation on Mr. Lamoy's authority, support the admission of Mr. Lamoy's statement as an admission of the corporate defendant.

The defendant also asserts on appeal that the admission of testimony by the plaintiff's expert witness, an architect, concerning the proper placement of compressors on roofs, and the use of protective guardrails around those compressors, was error. The defendant's

objection to the testimony at trial was based on the expert's intended reference to building codes which did not apply to the premises. The trial judge sustained the defendant's objection to reference to those building codes by the plaintiff's expert.

The plaintiff then questioned the expert concerning his opinion of the placement of the compressors and the absence of guardrails based upon good architectural practice and design, without reference to building codes. This expert opinion evidence was admitted over defendant's objection and exception. On cross-examination of the plaintiff's architect, the defendant established that inapplicable building codes were among the factors considered by the architect in forming his opinion. The defendant claims that although the expert did not refer to inapplicable building codes, he considered them in forming his opinion and that, therefore, the admission of his opinion was improper.

■ This court has stated that "[t]he admissibility of opinion evidence in this state has a broader scope than it does in other jurisdictions." *Rau v. Stores*, 97 N.H. 490, 495, 92 A.2d 921, 924 (1952). The trial judge has wide discretion in the admission or exclusion of expert opinions and this court will uphold the trial court's ruling unless "there is a clear abuse of discretion." *Peters v. McNally*, 123 N.H. 438, 440, 462 A.2d 119, 121 (1983).

■ In ruling on the admissibility of opinion evidence, the trial judge must consider whether the proposed opinion is likely to aid the jurors in their search for truth. *Peters v. McNally*, 123 N.H. at 440, 462 A.2d at 121. The architect testified that he was a registered architect, licensed in the State of New Hampshire. He stated that he had had approximately 31 years of experience as an architect. The record further shows that the architect had observed the roof and the location of the compressors on the roof of the premises. The defendant did not object to the architect's qualifications as an expert witness, and the record supports the trial judge's conclusion that the architect was qualified to offer an expert opinion. Further, the record supports the trial judge's decision that the expert opinion would be helpful to the jury. *See Manning v. Freeman*, 105 N.H. 272, 274, 198 A.2d 14, 16 (1964) (admission of architect's expert opinion on the construction of a stairway).

■ There is no requirement that a specific standard be put into evidence in order for an expert to offer an opinion on particular construction; rather it is assumed that an expert bases an opinion upon his or her special knowledge. *Bill v. Company*, 90 N.H. 453, 456, 10 A.2d 662, 663–64 (1940). Objections to the basis of an

610

expert's opinion go to the weight to be accorded the opinion evidence, and not to its admissibility. *Wiggin v. Kent McCray Co.*, 109 N.H. 342, 348, 252 A.2d 418, 423 (1969). The appropriate method of testing the basis of an expert's opinion is by cross-examination of the expert. *Canney v. Travelers Insurance Co.*, 110 N.H. 304, 307, 266 A.2d 831, 834 (1970). In this case, the defendant took the opportunity to cross-examine the architect as to the basis of his opinion and to test the weight to be given that opinion. The trial judge did not abuse his discretion in admitting the architect's testimony.

Accordingly, we hold that the trial court's rulings to admit the testimony of the plaintiff relating· to an oral admission by Mr. Lamoy, and the expert testimony of the plaintiff's architect, were supported by the record and were a proper exercise of the court's discretion.

*Affirmed.*

SOUTER, J., did not sit; the others concurred.