Rockingham
No. 84-527

THE STATE OF NEW HAMPSHIRE

v.

ABBOTT L. PLACE

May 9, 1986

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, attorney, on the brief and orally), for the State.

*William E. Brennan P.A.*, of Manchester (*Ronald J. Caron* on the brief and orally), for the defendant.

JOHNSON, J.   The defendant appeals his conviction by a jury in Superior Court (*Contas*, J.) of negligent homicide, RSA 630:3, II. On appeal, the defendant claims that the trial court erred (1) in failing to suppress the results of the blood alcohol content test; (2) in admitting the testimony of the State's accident reconstruction expert; (3) in refusing to grant motions to dismiss after the close of the State's

case, for a directed verdict and to set aside the verdict; and (4) in permitting prejudicial remarks during closing argument. We find no error and affirm.

The defendant, Abbott L. Place, was indicted on November 8, 1983, for negligent homicide in connection with the death of Carol Treantafel. This charge stemmed from an incident which occurred on October 27, 1983. On that date, the defendant was at the VFW in Derry from approximately 7:00 p.m. until 10:30 p.m. He admitted to and was seen to have consumed some beer during that time. After leaving the VFW, he drove a car through Derry and struck a pedestrian on West Broadway. The victim died as a result of injuries suffered from the impact of that accident.

Shortly after the accident, field sobriety tests were administered to the defendant by Officer Thomas Kelly of the Derry Police Department. Thereafter, the defendant was arrested, charged with driving while intoxicated, and taken to the Derry police station where he voluntarily submitted to a blood test. The result of the blood test conducted by a chemist at the State Department of Health and Welfare, Division of Laboratory Services, revealed a 0.18 percent blood alcohol content by weight. Prior to trial, the defendant moved to suppress all evidence pertaining to the blood alcohol test, and the trial court denied that motion.

Further, during the trial, the defendant objected to testimony presented by one of the State's experts, but his objection was overruled. He also moved to dismiss at the close of the State's case and moved for a directed verdict. Both motions were denied. The jury returned a guilty verdict on August 16, 1984, and the defendant then moved to set aside the verdict. This motion was also denied.

First, we address the defendant's argument that the trial court erred when it denied his motion to suppress the results of his blood alcohol content test. The defendant asserts that since the chemist who actually performed the test had no specific recollection of conducting the test, he was unable to testify to whether the proper procedure was followed and, thus, whether the results were reliable. The defendant claims that because of this he was unable to cross-examine the chemist effectively, and thus was deprived of his right to confront the witnesses against him. We do not agree.

As we have held in the past, the introduction of the results of a blood alcohol content test, without testimony from the person who conducted the test personally verifying the procedure and its results, does not violate an individual's constitutional right to confront the witnesses against him. *State v. LaRochelle*, 112 N.H. 392, 397, 297 A.2d 223, 226 (1972).

In this case, the defendant had the opportunity to cross-examine the chemist about the worksheets he used when conducting the test, his usual procedure in performing such tests, and other issues which might have affected both the credibility of the witness and the validity of the test. Thus, since the chemist was available and was cross-examined by defense counsel, we cannot find that the introduction of the test results in this situation violated the defendant's rights.

■■ In addition, "[t]he question of whether an intoxication test is operated properly is for the trial court to determine on the basis of the evidence before it." *State v. Wong*, 125 N.H. 610, 626–27, 486 A.2d 262, 273 (1984) (citing *State v. Roberts*, 102 N.H. 414, 417, 158 A.2d 458, 460 (1960)). Deficiencies in the administration of the test may affect the weight and not the admissibility of the test results. *State v. Wong, supra* at 626–27, 486 A.2d at 273.

■ Thus, we hold that there was no violation of the defendant's rights, and that the trial court did not err in denying the motion to suppress the results of the blood alcohol content test.

We next address the issue of the admissibility of testimony of one of the State's expert witnesses. John Meserve testified as an expert in the field of accident reconstruction. The defendant contends that this expert had no "special knowledge" concerning "the connection and contribution of alcohol to a person's perception and reaction time in operating a vehicle," and that the prejudicial effect of the expert's testimony was "devastating" to the defendant's case. Thus, the defendant asserts, the testimony should not have been admitted.

A review of the record reveals that the trial court was specific in its ruling allowing the admission of Mr. Meserve's testimony. That is, the court would allow him to testify that the delay in the defendant's perception was consistent with some alcohol in his system, but would not allow him to testify regarding the level of intoxication of the defendant. Accordingly, Mr. Meserve did not state an opinion on the ultimate issue; *i.e.*, that the defendant's alcohol impairment caused the accident and the resulting death.

■■ "It is well settled that the trial judge has wide discretion in the admission and exclusion of opinion evidence, and that we will uphold his ruling unless there is a clear abuse of discretion." *Peters v. McNally*, 123 N.H. 438, 440, 462 A.2d 119, 121 (1983); *see Dunlop v. Daigle*, 122 N.H. 295, 300, 444 A.2d 519, 522 (1982); *State v. Baker*, 120 N.H. 773, 775, 424 A.2d 171, 172–73 (1980). We hold that the actions of the court did not constitute an abuse of discretion and, therefore, that the trial court did not err in admitting the expert's testimony.

■ Next, we address the denial of the defendant's motion to dismiss at the end of the State's case and his motion for a directed verdict. The standard of review is the same for both motions. *State v. Burke*, 122 N.H. 565, 569, 448 A.2d 962, 964 (1982). "[T]he evidence must be construed most favorably to the State, and the defendant must show that the evidence in its entirety was insufficient to prove he was guilty of the crime charged." *Id.* (Citations omitted.) For the reasons discussed below, we hold that the defendant failed to meet his burden.

The defendant contends that the State failed to present sufficient evidence in two areas: (1) that the defendant operated his vehicle in an impaired state due to his consumption of alcohol and (2) that such impairment led to the victim's death. The defendant asserts that the State did not present sufficient evidence regarding the element of causal connection between alcohol impairment and the resulting injuries. We disagree.

According to our decision in *State v. Wong supra*, the State indeed must prove not only that a driver's ability was impaired by alcohol, but also that the victim's death was caused by that impairment. *Wong*, 125 N.H. at 615, 486 A.2d at 265. We held in that case that "the culpability requirement of negligent homicide is satisfied upon proof of the fault element of section II: that a person operated a propelled vehicle while under the influence of intoxicating liquor or a controlled drug. RSA 630:3, II." *Id.*

The State presented direct evidence that the defendant had been drinking on the evening of October 27, 1983, through witnesses who testified that they had seen the defendant drinking. The defendant did not rebut this evidence or the fact that later that evening he operated an automobile. He admitted that during the course of driving that vehicle, he struck Carol Treantafel, who later died from injuries sustained upon impact.

The State also presented the testimony of a police officer who was at the scene of the accident and who conducted field sobriety tests on the defendant. The officer testified that he smelled alcohol on the defendant's breath and that the defendant slurred his speech, swayed when walking, had bloodshot eyes, failed the field sobriety tests and, in his opinion, was intoxicated.

The State presented evidence that the defendant voluntarily submitted to a blood test. The results of the analysis of the blood sample showed a 0.18 percent alcohol content by weight, which established a *prima facie* case of intoxication for the State. *See* RSA 265:89 (Supp. 1985).

■ The defense attempted to rebut the State's evidence on

the issue of intoxication, specifically in terms of the accuracy of the blood analysis conducted at the State laboratory. However, the fact that the defendant offers evidence in rebuttal of the State's evidence does not by itself warrant the granting of a directed verdict. "The jury observes the witnesses, hears their testimony, and judges their credibility; it is not bound by the evidence and may accept or reject the evidence in whole or in part." *State v. Sands*, 123 N.H. 570, 590, 467 A.2d 202, 214 (1983) (citations omitted). The defendant failed to show that the evidence in its entirety was insufficient to prove he was guilty of the crime charged. The motion for dismissal and the motion for directed verdict were correctly denied by the trial court.

■■ ■■ Similarly, the trial court was correct in denying the defendant's motion to set aside the verdict as contrary to and against the weight of the evidence. As in the two previous motions, we must view the evidence and all reasonable inferences arising therefrom in the manner most favorable to the State. *State v. Goodwin*, 118 N.H. 862, 866, 395 A.2d 1234, 1236 (1978) (citations omitted). In light of all the evidence, and particularly the evidence discussed above, we hold that a reasonable jury could have found beyond a reasonable doubt that the defendant's actions satisfied all the elements of RSA 630:3, II. *See Goodwin*, 118 N.H. at 867, 395 A.2d at 1237; *see also State v. Goupil*, 122 N.H. 857, 859, 451 A.2d 1284, 1286 (1982). Accordingly, we shall not disturb the finding of the jury.

Finally, we consider the defendant's contention that the prosecutor's closing argument was prejudicial and, hence, constituted a ground for mistrial. The record does not reflect any effort by the defendant to object to any of the prosecution's remarks during the course of the closing argument or at any time prior to this appeal. Therefore, we hold that the defendant is precluded from now raising this issue on appeal. *Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983); *see also State v. Laliberte*, 124 N.H. 621, 621, 474 A.2d 1025, 1025 (1984); *State v. Breest*, 115 N.H. 504, 505–06, 345 A.2d 391, 392 (1975).

*Affirmed.*

All concurred.