Strafford
No. 90-491

THE STATE OF NEW HAMPSHIRE

v.

JEFFREY P. CHRISTENSEN

May 22, 1992

*John P. Arnold*, attorney general (*Susan G. Morrell*, assistant attorney general, on the brief and orally), for the State.

*Law Office of Stephen T. Jeffco*, of Portsmouth (*Stephen T. Jeffco* on the brief and orally), for the defendant.

BATCHELDER, J. The defendant, Jeffrey P. Christensen, was convicted in a May 1990 jury trial in the Superior Court (*Dickson, J.*)

of selling marijuana, RSA 318-B:2, I (Supp. 1991). On appeal, he argues that the trial court erred in permitting the State to submit a certificate of chemical analysis of the controlled substance rather than trial testimony by the analyst who performed the tests, and erred in denying an evidentiary hearing on his motion to suppress evidence gathered with a transmitter. For the following reasons, we reverse on the first issue and do not reach the second.

In May 1989, a confidential informant went to a gathering at the defendant's residence in Madbury wearing a transmitter. While there, he acquired drugs, allegedly from the defendant, which the State laboratory determined to be about eight ounces of marijuana. Before trial, the State proffered a certificate of analysis prepared by the laboratory employee who conducted the testing as proof of the "composition, quality, and quantity of the substance submitted to the laboratory for analysis." RSA 318-B:26-a, I (Supp. 1991).

The defendant objected on the grounds that he was contesting "the composition, quality, and quantity of any alleged contraband"; that he was being deprived of his right to cross-examine the laboratory employee who conducted the analysis as to his qualifications and expertise, the steps taken during analysis, and the accuracy and calibration of the instrumentation used; and that he was "precluded from attacking the chain of custody of any controlled substance." The Trial Court (*Nadeau*, J.), which heard the motion to suppress the contraband analysis, overruled the objection, finding that "the defendant has not shown specific grounds that the composition, quality or quantity of the substance submitted to the laboratory for analysis will be contested at trial."

In order to object to the admission of a certificate of chemical analysis under RSA 318-B:26-a (Supp. 1991), a defendant must

> "give notice of objection and the *specific grounds* for the objection within 10 days upon receiving the [State's] notice of intent to proffer the certificate. . . . A profferred [*sic*] certificate shall be admitted in evidence unless it appears from the notice of objection and *specific grounds* for that objection that the composition, quality, or quantity of the substance submitted to the laboratory for analysis will be contested at trial."

RSA 318-B:26-a, II (Supp. 1991) (emphasis added). At issue here is the defendant's ability to demonstrate the "specific grounds" for his objection to the admission of the certificate *before* he is able to question the laboratory employee who prepared it.

On appeal, the defendant argues that the statute violates his right to confront witnesses against him under the New Hampshire Constitution, which provides that the defendant "shall have a right . . . to meet the witnesses against him face to face," N.H. CONST. pt. I, art. 15, and the Federal Constitution, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," U.S. CONST. amend. VI. Because the defendant has preserved his State constitutional claim on appeal, we will decide on that basis, looking to federal cases for guidance. *State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

The right of confrontation is ancient, *Coy v. Iowa*, 108 S. Ct. 2798, 2800–02 (1988), and fundamental in a criminal trial, *State v. Howard*, 121 N.H. 53, 58, 426 A.2d 457, 460 (1981). We note, however, that it is not absolute. *Coy*, 108 S. Ct. at 2802 (and cases cited therein); *see, e.g., Howard*, 121 N.H. at 58–59, 426 A.2d at 460–61 (rape-shield statute held constitutional).

In *State v. LaRochelle*, 112 N.H. 392, 297 A.2d 223 (1972), we decided a question similar to that presented here. *LaRochelle* upheld a statute providing that a defendant arrested for drunk driving and tested for blood alcohol level

> "'shall file notice in . . . court, within five days immediately following the receipt by said person of the results of any blood alcohol test administered to him, requiring the attendance of the person who took the sample for said test or of the person who conducted the test, or both. Failure to file notice shall be deemed a waiver to require their attendance at the trial, and the official report of said test . . . shall be deemed conclusive evidence of the conduct and results of said test.'"

*LaRochelle*, 112 N.H. at 394, 297 A.2d at 224 (quoting RSA 262-A: 69-k (Supp. 1972) (currently codified at RSA 265:90, I (Supp. 1991))). In *LaRochelle*, as well as in *State v. Place*, 128 N.H. 75, 78, 513 A.2d 321, 323 (1986), we turned back the confrontation clause challenge because the State was required to produce the analyst merely upon the filing of a statutory notice by the defendant. Nothing more was required.

Other states have examined a defendant's ability to obtain the analyst's presence and testimony at trial. Their analysis was based on statutes that, except for details such as the number of days required for notice, are substantially the same as that which we approved in *LaRochelle*. In *Moon v. State*, 300 Md. 354, 370, 478 A.2d 695, 703 (1984), *cert. denied*, 469 U.S. 1207 (1985), the Maryland Court said

"[t]he statute requires the tester to be produced, upon the defendant's request, before the evidence may be admitted . . . , and the defendant does not have to proffer what he intends to prove from this witness. In these circumstances, the legislature has safeguarded the defendant's Sixth Amendment right . . . ." In *State v. Christianson*, 404 A.2d 999, 1002 (Me. 1979), the Maine Court approved the statute because it "imposes no burden whatever upon a defendant that *he prove* anything."

The statutes in these cases, as in *LaRochelle*, withstood constitutional challenge because there were procedures whereby the defendant could, with merely a timely filing, confront the analyst. The statute in question here, RSA 318-B:26-a (Supp. 1991), however, goes much further; the defendant must detail "specific grounds" in order to exercise the right to confront the analyst. This requirement creates a "Catch-22" for the defendant. Without confronting the analyst, the defendant cannot practicably identify "specific grounds" under the statute, yet without identifying "specific grounds," he cannot confront the analyst. The statute does not raise mere procedural hurdles, it places nearly insurmountable barriers before the defendant. The statute effectively cuts off the defendant's right to confront a material witness.

The State correctly argues that the underlying rationale for the statute is to lessen the cost and deployment of personnel in furnishing technical evidence of the composition, quality or quantity of the contraband associated with prosecution of the drug laws of the State. The same argument supports the basis for the laws relating to the presence of technicians who administer tests for blood alcohol content in the prosecution of motor vehicle cases for impaired driving under the implied consent law, *see* RSA 265:84 (Supp. 1991). We have upheld such laws in *Larochelle* and *Place*. This statute, however, is not a logical extension of the legislative purpose governing the blood alcohol testimony. It carries the rationale too far and in the process denies the defendant the protections afforded him under part I, article 15 of the State Constitution, because it requires him not only to request the presence of the technician but also to explain why he requires it. Trial by certificate and affidavit under these circumstances is a denial of the fundamental constitutional right of confrontation.

Here, the defendant sought to contest issues regarding the testing procedure, including the chain of custody of the specimen. These are issues which the State must prove in all such prosecutions, *State v. Reenstierna*, 101 N.H. 286, 287–88, 140 A.2d 572, 574 (1958). Where,

as here, the defendant is precluded from contesting them, the statute violates the defendant's constitutionally protected rights.

The defendant also argues that the trial court erred in denying him an evidentiary hearing on his motion to suppress evidence collected with the police transmitter. Because we reverse his conviction based on the unconstitutional statute, we need not reach other questions raised by the defendant.

*Reversed and remanded.*

All concurred.