Portsmouth District Court
No. 2002-236

### THE STATE OF NEW HAMPSHIRE

v.

### THOMAS D. COOMBS

Argued: February 6, 2003
Opinion Issued: April 16, 2003

*Stephen J. Judge,* acting attorney general (*Laura E. B. Lombardi,* assistant attorney general, on the brief and orally), for the State.

*Jeffco, Starbranch & Soldati,* of Portsmouth (*Harry N. Starbranch, Jr.* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Thomas D. Coombs, appeals his conviction after a bench trial in the Portsmouth District Court (*Taylor,* J.) for driving while intoxicated (DWI), RSA 265:82 (Supp. 2002), and failing to use required turn signals, RSA 265:45 (1993). Coombs argues that the admission of his blood alcohol test results through the testimony of a certifying scientist under RSA 265:90 (Supp. 2002) violated his rights under the Confrontation Clause of Part I, Article 15 of the New Hampshire Constitution and the Sixth Amendment of the U.S. Constitution. We affirm.

The facts are not in dispute. On July 15, 2001, at about 1:00 a.m., Coombs was driving north on Route 16 in Portsmouth. Trooper James Legace, traveling behind Coombs, noticed that he changed lanes without signaling. Legace pulled Coombs over, and after administering several field sobriety tests, arrested him for DWI. Coombs subsequently gave his consent for a blood alcohol test, which was conducted and sent to the State Health Laboratory. The testing, conducted pursuant to RSA 265:84 (Supp. 2002), revealed a blood alcohol concentration of 0.11.

Before trial, Coombs filed a timely notice under RSA 265:90, I, requesting that the State produce the scientist who certified the blood test. This scientist, Dr. Alex Novak, testified at trial about the laboratory's chain-of-custody and general testing procedures. According to Dr. Novak, the lab conducts three levels of review: first, an analyst tests the sample and reviews the result; then, a supervisor reviews the analyst's work; and,

finally, Dr. Novak certifies the result. On cross-examination, Dr. Novak admitted that he did not test the specific sample involved in this case, nor could he verify whether the analyst in this particular case used the correct procedures. Nevertheless, the court allowed Dr. Novak to testify about the blood alcohol concentration contained in the lab's report over the defendant's objection.

The court found Coombs guilty of DWI and failing to use required turn signals. On appeal, Coombs argues the admission of the blood test result violated his right to confront adverse witnesses under the State and Federal Constitutions because the State did not grant him the opportunity to cross-examine the analyst who actually tested the blood. We consider the defendant's arguments under the State Constitution first. *See State v. Ball*, 124 N.H. 226, 231 (1983). Because the Federal Confrontation Clause affords no greater protection than the State Confrontation Clause, we only undertake a state analysis, reviewing federal cases for guidance. *See State v. Spaulding*, 147 N.H. 583, 588 (2002); *Lilly v. Virginia*, 527 U.S. 116, 124-25 (1999) (stating Federal Confrontation Clause standard for admission of hearsay).

The legislature has established the following rules for the admission of blood alcohol testing:

> Any person who is arraigned on a charge arising under RSA 265:84 shall file notice in said court, within 30 days immediately following the receipt by the person of the results of any alcohol concentration test administered to such person, requiring the attendance of the person who conducted the breath test, or in the case of any other chemical test, the certifying scientist. Failure to file notice shall be deemed a waiver to require attendance of the person who conducted the breath test, or in the case of any other chemical test, the certifying scientist at the trial. The official report of the test issued pursuant to RSA 265:84 shall be deemed conclusive evidence of the conduct and result of said test.

RSA 265:90, I.

The statute creates an exception to the rule against hearsay by permitting the admission of an out-of-court statement regarding laboratory blood alcohol test results. It allows the defendant to file a notice to obtain the testimony of the certifying scientist. The statute, however, does not require the State to produce the analyst who conducted the test.

At oral argument, the State relied upon *State v. Larochelle*, 112 N.H. 392 (1972), to contend that the blood test report itself is sufficiently reliable to be admitted without allowing confrontation of any witness. In *Larochelle*, the defendant challenged a previous version of RSA 265:90,

which permitted breathalyzer tests to be admitted into evidence. *Larochelle*, 112 N.H. at 394. The statute allowed the defendant to obtain the testimony of the person who conducted the breath test, but only if he filed a notice within five days of receiving the lab report. *Id.* The defendant argued that his failure to meet the statutory notice requirement could not be deemed a waiver of his right to confront the operator of the breathalyzer. *Id.*

In ruling against the defendant, the court noted that the Confrontation Clause does not forbid all types of hearsay evidence. *Id.* at 395-96. Rather, the court concluded that certain evidence "carries sufficient characteristics of trustworthiness to be safely placed before the trier of fact without confrontation of the tester." *Id.* at 397. The court determined that the statute admitting "official reports" of blood and breath testing "indicates legislative reliance upon the common-law official written statements exception to the hearsay rule," under which "[e]videntiary trustworthiness is secured by the probability that public officers will discharge their duty to make accurate records." *Id.* at 394-95. Thus, the court concluded that the right to confront the breathalyzer operator was statutory and not constitutional. *Id.* at 398.

We reconsidered the broad holding of *Larochelle* in *State v. Christensen*, 135 N.H. 583 (1992). In *Christensen*, the defendant challenged a statute that allowed the admission of a "certificate of chemical analysis," signed by the analyst under oath, to prove the composition, quality, and quantity of alleged illegal narcotics. *Id.* at 584; *see also* RSA 318-B:26-a, I (1995). The statute allowed the defendant to compel the analyst to testify only if he filed a notice stating "specific grounds" for an objection within ten days of trial. *Christensen*, 135 N.H. at 584. The defendant argued that this requirement was an unreasonable restraint on his right to confront the witness. *Id.*

In holding for the defendant, *Christensen* narrowed *Larochelle*. *Christensen* held that the statute at issue in *Larochelle* "withstood constitutional challenge because there were procedures whereby the defendant could, with *merely a timely filing*, confront the analyst." *Id.* at 586 (emphasis added). In contrast, the statute at issue in *Christensen* "place[d] nearly insurmountable barriers before the defendant" and "effectively cut[] off the defendant's right to confront a material witness." *Id. Christensen* held that "[t]rial by certificate and affidavit under these circumstances is a denial of the fundamental constitutional right of confrontation." *Id.*

Under *Christensen*, thus, the trustworthiness of documentary hearsay alone cannot obviate the "ancient" and "fundamental" right to confront adverse witnesses. *Id.* at 585. While this confrontation right is not

absolute, at the very least it protects defendants against a specific historical abuse: "prosecuting a defendant through the presentation of *ex parte* affidavits, without the affiants ever being produced at trial." *White v. Illinois*, 502 U.S. 346, 352 (1992); *see Christensen*, 135 N.H. at 586; *see also White*, 502 U.S. at 363 (Thomas, J., concurring) ("[T]he [Confrontation] Clause makes no distinction based on the reliability of the evidence presented. Nor does it seem likely that the drafters of the Sixth Amendment intended to permit a defendant to be tried on the basis of *ex parte* affidavits found to be reliable."). A laboratory test used to prove an essential element of a criminal offense constitutes such an *ex parte* affidavit. *See State v. Henderson*, 554 S.W.2d 117, 120 (Tenn. 1977).

The State also argues that the defendant retains the right to subpoena the analyst and call her during its rebuttal of the State's case. This is beside the point. "[T]he duty to confront a defendant with witnesses falls upon the State." *Larochelle*, 112 N.H. at 401 (Grimes, J., dissenting); *see also Mullaney v. Wilbur*, 421 U.S. 684, 702-03 & n. 31 (1975) (prosecution may not shift the burden of disproving an element of a crime to the defendant). Otherwise, the Confrontation Clause would only apply in cases involving unavailable witnesses, a result unsupported by precedent. *See, e.g., White*, 502 U.S. at 350 (affirming admission of hearsay testimony and finding no violation of Confrontation Clause, even though the "trial court neither made, nor was asked to make, a finding that [the declarant] was unavailable to testify").

If the State cannot impose unreasonable conditions upon a defendant's right to confront a witness, surely it cannot eliminate the right to confront the witness altogether. *See Christensen*, 135 N.H. at 586. We thus disagree with the State's contention that the blood test report itself is sufficiently reliable to be admitted in lieu of live testimony.

Unlike *Christensen*, however, the statute in this case does not effectively cut off the right to confront *all* witnesses responsible for the report. Instead, it merely replaces the notice provision for the analyst with a notice provision for the report's certifying scientist. *Compare* RSA 265:90, I, *with Larochelle*, 112 N.H. at 394 (describing earlier version of statute). In this case, the defendant filed notice for the State to produce the certifying scientist, who testified at length about the State Health Laboratory's chain-of-custody and testing procedures. The certifying scientist's testimony thus addressed the concern we raised in *Christensen* regarding the defendant's right "to contest issues regarding the testing procedure, including the chain of custody of the specimen." *Christensen*, 135 N.H. at 586.

The defendant argues that cross-examination of the certifying scientist is useless because that scientist did not conduct the specific blood test used

to convict him. Yet, an analyst who conducts as many as forty blood tests each day would almost certainly not remember her performance of a specific test months later. Her testimony, like that of the certifying scientist, would concern her general knowledge of the State Laboratory's test procedures and protocols, quality control measures, specific levels of review and chain of custody matters. Thus, in almost every case, the supplemental value of the analyst's testimony would be of negligible significance. Moreover, the certifying scientist's testimony indicated that the laboratory's testing procedures are essentially mechanical and not open to subjective judgment. *See Commonwealth v. Kravontka*, 558 A.2d 865, 869 (Pa. Super. Ct. 1989) ("Current experience teaches the practice of drawing and testing blood for alcohol content is a matter particularly within the ambit of basic and routine . . . procedure. The standardized, precise calculations used in arriving at a final result leave little room for error." (quotation omitted)). Accordingly, cross-examination of the certifying scientist can effectively substitute for the right to confront the actual analyst.

█ Because RSA 265:90 allows for the testimony of a certifying scientist in place of the analyst, we hold that the admission of the blood test report did not violate the defendant's rights under the Confrontation Clause.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU, and DALIANIS, JJ., concurred.