Hillsborough,
March 4, 1919.

### NAZAIRE L. BOULANGER *v.* DANIEL L. McQUESTEN & a.

Where evidence of the history of a patient's case as narrated to his physician a year after the occurrence has been excluded, on a general exception to this ruling the question will not be considered whether the evidence was competent to explain the physician's opinion, if a finding would be warranted that the evidence was not offered in good faith but to violate the rule excluding the prior statements of a party.

Where the exclusion of evidence might properly have been based on the ground of remoteness, a general exception to the exclusion presents no question of law.

ACTION AT LAW, for negligence. Trial by jury and verdict for the defendants.

The plaintiff alleged and testified to an injury September 30, 1913, while he was in the defendants' employ. In December, 1914, he consulted a physician who was called as a witness by him and testified that his treatment of the plaintiff was based upon his injury and the history given by him. The question, "What history did he give you?" was excluded subject to exception.

The defendants offered evidence that the plaintiff was not employed by them before November 13, 1913. The plaintiff, recalled after the defendants rested, stated that after hearing the evidence and thinking the matter over to the best of his knowledge the accident happened the last of November or the first of December. The question by his counsel, "Prior to this trial last Friday did you ever hear any suggestion from any source of any different date for the accident than about the first of October?" was then excluded subject to exception. Transferred by *Branch,* J., from the January term, 1918, of the superior court.

*Taggart, Tuttle, Wyman & Starr* and *Branch & Branch* (*Mr. Chester B. Jordan* orally), for the plaintiff.

*Jones, Warren, Wilson & Manning* and *Martin & Howe* (*Mr. Howe* orally), for the defendants.

PARSONS, C. J.   The history given the physician by the plaintiff over a year after the accident was not admissible as evidence of the accident or in corroboration of his statements at the trial.   This is too plain for discussion.   The only ground upon which the admissibility of the question is now urged is that the physician's information as to the cause of the injury is competent as explaining and giving weight to his conclusions.   If the purpose of the inquiry was under the pretext of offering evidence of the foundation of the physician's opinion to violate the general rule excluding prior statements of the party, the evidence was properly excluded.   Wig. Ev., *s.* 1721. Whether, if the ground of admission now claimed was presented to the court, the evidence should be excluded because of lack of good faith in offering it, was necessarily for the trial court, as depending upon the determination of a question of fact.   *St. Laurent* v. *Railway,* 77 N. H. 460, 462.

There was evidence to sustain a finding excluding the evidence, if the ground now urged was presented to the trial court.   It does not appear this ground was presented to the court for a ruling and the question is not transferred by a general exception to the exclusion of the testimony.   *Kendall* v. *Flanders,* 72 N. H. 11.

The defendants having answered the plaintiff's claim that he was injured while in their employ by showing that he was not employed by them until after the date upon which he said he was injured, he was permitted to assign a later date after his employment by them and to give his reasons therefor.   If the question, whether before he heard the defendants' testimony he heard any suggestion from any source of any different date for the accident than about the first of October, was intended to effect the introduction of hearsay testimony of some other as to the fact or date of the accident, such evidence would be incompetent as an elementary proposition.   If the purpose of the question was to stimulate belief in the plaintiff's later testimony by showing that his former statement was honestly though mistakenly made, as now seems to be claimed, the evidence if in any way relevant so as to be admissible at all, could be found too remote to aid the jury and excluded upon that ground.

Nothing appearing to the contrary, it is assumed it was so excluded. In such case, no question of law is presented for decision by this court.

*Exceptions overruled.*

PLUMMER, J., was absent: the others concurred.