Merrimack, }
March 4, 1919. }

## STATE v. FRED A. CURRIER.

The exclusion of collateral evidence of a general habit presents no question of
law, when there is evidence to sustain the finding that such evidence would
not aid the jury.

The personal knowledge and belief of a witness as to the respondent's character
is not evidence; only his reputation in the community is admissible.

If counsel *arguendo* ask the jury to draw an unwarranted inference from the evi-
dence and the opposite party make *no request for an instruction* that such
inference cannot be drawn, an exception to such argument is unavailing.

BILL OF EXCEPTIONS. The respondent was indicted for man-
slaughter in the first degree (P. S., c. 278, s. 7) for causing, while
operating a motor vehicle in violation of s. 19, c. 133, Laws 1911,
the death of Mrs. Lund. Trial by jury and verdict of guilty. A
witness called by the respondent who testified she had ridden with
him was asked by his counsel, "What sort of a driver is he?" Upon
objection by the state the question was excluded, subject to excep-
tion, upon the ground that evidence of habit was not admissible when
the circumstances as to the matter in controversy were clearly de-
scribed by witnesses. Exception was also taken to the suggestion
in argument of the state's counsel that the transaction might be
characterized as an American atrocity, and to his contention that it
was matter of common knowledge that the shock of a serious acci-
dent of this character would be likely to have a sobering effect upon
the person responsible therefor. A bill of exceptions was allowed
by *Branch*, J., at the April term, 1918.

*Herbert W. Rainie*, solicitor (by brief and orally), for the state.

*John M. Stark* and *Martin & Howe* (*Mr. Howe* orally), for the
defendant.

PARSONS, C. J. If evidence of the respondent's general habit of
driving would not have aided the jury upon the question before them
the evidence was properly excluded. *Shea* v. *Hillsborough Mills*,
78 N. H. 57, 58. That the transaction in question was clearly de-
scribed by witnesses is evidence from which it could be found that the
trial of the collateral issue of the respondent's general habit of driving
would be of no service and was therefore unnecessary. As the bill

of exceptions does not controvert the fact upon which the ruling was based, no error of law is presented. *Amoskeag Co.* v. *Head*, 59 N. H. 332, 337, 338; *Emerson* v. *Lebanon*, 67 N. H. 579. The ruling of the court is supported by the decisions. *Bourassa* v. *Railway*, 75 N. H. 359, 360, 361; *Minot* v. *Railroad*, 73 N. H. 317, 320; *Tucker* v. *Railroad*, 73 N. H. 132, 133.

In oral argument the position was taken that the inquiry "What sort of a driver is he?" was competent as an offer to prove respondent's good character in that respect, an issue always open to the defence in criminal cases. The contention loses sight of the different meanings attached to the word character. It may mean what a man is, which was what the excluded question called for. It also means what a man is thought to be, his reputation. It is in this latter sense that a defendant may put his character in issue. "By a rule which is almost universal (in American courts, at least), the personal knowledge and belief of the witness to character is rigorously excluded, and the community-reputation is all that will be listened to." Wig. Ev., s. 1980; *State* v. *Lapage*, 57 N. H. 245, 290; *People* v. *Van Gaasbeck*, 189 N. Y. 408; s. c. 22 L. R. A. (N. s.) 661; *Commonwealth* v. *O'Brien*, 119 Mass. 342. Whether in a proper case evidence of habit as tending to show the commission or non-commission of crime is admissible, or what evidence may be admitted of capacity to do an act (*State* v. *Knapp*, 45 N. H. 148) or to prove that a certain belief is entertained (*Curtice* v. *Dixon*, 74 N. H. 386, 396) is not now in question. Evidence of habit was properly excluded without reference to possible non-admissibility in a criminal case and evidence of reputation as proof of character was not offered.

The state's counsel called the killing of Mrs. Lund an atrocity. The respondent's view may have been and probably was that it was an unavoidable accident merely. But the bill of exceptions contains nothing tending to show that the characterization of the state's counsel was not justified upon the evidence as looked at by the state. *State* v. *Small*, 78 N. H. 525, 530.

Whether without evidence the jury from their general knowledge could determine the effect of mental shock upon the senses of one stupefied by intoxication is a question of law because determinable by the court and not by the jury. Counsel did not misstate the evidence or testify as of his personal knowledge. At the most he asked the jury to draw an unwarranted inference. The respondent's rights would have been fully protected by an instruction to the jury that such inference could not be drawn if it could not be as matter of law.

In the absence of such request and exception to its denial no question of law is raised by the record.

*Exceptions overruled.*

Plummer, J., was absent: the others concurred.