Hillsborough, } No. 3609.
Dec. 3, 1946. }

JOHN X. DANOS v. MANCHESTER COAL & ICE COMPANY & a.

EVA J. DANOS v. SAME.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Booth* orally), for the plaintiffs.

*Sheehan, Phinney & Bass* and *Alvin A. Lucier (Mr. Phinney* orally), for the defendants.

BRANCH, J. The defendants' claim that a new trial should be granted is based upon their exceptions to two rulings of the Trial Court excluding offered testimony.

1. During the cross-examination of Ovila R. Provost, the police inspector who investigated the accident immediately after it occurred, the following question was put to the witness: "Q. Did the general layout at the scene of the accident strike you as confirming the proposition that she was going fifteen to seventeen miles an hour and that he had just started and gone about a foot? A. Yes, sir." To this testimony the plaintiffs objected upon the ground that "it is beyond the power of this witness to conclude that." The objection was sustained and the defendants excepted. "The admissibility of opinion evidence, under the liberal rule in force in this state, does not depend upon the nature of the issue upon which that evidence bears, (*Davis* v. *Railroad,* 75 N. H. 467; *Higgins* v. *Carroll,* 86 N. H. 312; *Goldstein* v. *Corporation,* 86 N. H. 402) but upon whether or not, in the sound discretion of the presiding justice, evidence of that nature will probably aid the jury in their search for the truth. *Carbone* v. *Railroad,* 89 N. H. 12, 20." *Dowling* v. *Shattuck,* 91 N. H. 234, 236. The ruling of the Court excluding the above testimony involves an implied finding that, "in the sound discretion of the presiding justice" the offered evidence probably would not aid the jury in their search for the truth. Such a discretionary finding by the Trial Court is not reviewable here, and defendants' exception is overruled.

2. After the defendants had rested, the plaintiffs were permitted to

introduce evidence that Dr. Towle, a physician who had examined the plaintiff Eva for the defendants, had been in the court room during the trial. He had not, at that time, been called as a witness. Thereupon the defendants moved to re-open the case "for the purpose of putting Dr. Towle upon the stand. That may require a delay due to the fact Dr. Towle is operating in the hospital this morning." This motion was denied and the defendants excepted. No reason was given by the Presiding Justice for this ruling, but an adequate reason was suggested in the motion itself, *i. e.* "That may require a delay due to the fact that Dr. Towle is operating in the hospital this morning." It was a findable fact that Dr. Towle's testimony could have reference only to the issue of damages, and the Trial Court may well have concluded that justice did not require the delay incident to a re-opening of the case for further evidence upon this point. Where the record does not disclose the ground upon which an exclusionary ruling was based, but does disclose facts which would justify it as an exercise of the Trial Court's discretion, and nothing appears to the contrary, "it is assumed it was so excluded. In such case no question of law is presented for decision by this court." *Boulanger* v. *McQuesten*, 79 N. H. 175, 177; *Cross* v. *Company*, 79 N. H. 116, 120; *State* v. *Currier*, 79 N. H. 171; *Challis* v. *Lake*, 71 N. H. 90, 95. This exception is also overruled.

*Judgments on the verdicts.*

All concurred.