Hillsborough
No. 78-065

JOSEPH WROBLESKI & a.

v.

CONSTELLATION CORPORATION

July 18, 1978

*Holland & Aivalikles*, of Nashua (*Francis G. Holland* orally), for the plaintiffs.

*Woodbury & Rowe*, of Milford (*David Woodbury* orally), for the defendant.

## MEMORANDUM OPINION

The plaintiffs purchased a newly constructed house and a parcel of land from defendant in 1973. Soon after purchasing the house the plaintiffs began experiencing water problems in their basement. Employees of the defendant suggested that the problem was probably due to the lack of landscaping, but landscaping did not alleviate the water problem. Following further complaints by plaintiffs, the defendant installed an additional concrete step near the bulkhead and

placed some sealant on the basement walls. Water problems continued even after defendant installed a drainpipe in the basement. Plaintiffs were also undergoing problems with their septic system, causing water backup in some of their toilets. After plaintiffs hired a contractor to install a new leach field, they experienced no further difficulties with their toilets.

Plaintiffs filed suit to recover damages. Upon the recommendation of a Master (*Peter J. Bourque*, Esq.), they were awarded $5,250. The exceptions of the defendant were transferred by *Flynn*, J.

Defendant asserts that a witness who testified concerning causation of the water problem should not have been permitted to testify because of a lack of proper experience and training. In this State the admission of opinion evidence depends on whether such testimony might aid the factfinder in the search for truth. *Gauthier v. Bergeron*, 107 N.H. 153, 154, 218 A.2d 433, 434 (1966). The trial court has a large measure of discretion to admit such testimony. *Danos v. Manchester Coal & Ice Co.*, 94 N.H. 200, 49 A.2d 926 (1946). *See generally* M. Loughlin, New Hampshire Trial Practice 100–01 (1975). The witness in question testified that he was familiar with the installation of foundations, had personal experience in laying down subterranean pipes, had attended a union training session on excavation and home construction skills, and had personally been responsible for the construction of eighteen homes. Although the testimony of a hydraulic engineer might have been more helpful, the master did not err in allowing the testimony of the witness to stand, because such lack of professional training would at most relate to the weight to be accorded the witness' testimony. *See Walker v. Walker*, 106 N.H. 282, 285–87, 210 A.2d 468, 471–72 (1965).

Finally, defendant asserts that it had offered to remedy the plaintiffs' septic system problem for a cost of approximately $500 and that it was improper for plaintiffs to hire someone else to reconstruct the leach field at a cost of $1,200. Plaintiffs were not compelled to solve their problem only by the use of employees of the defendant, and the master could conclude that based on the past performance of the defendant, plaintiffs need not further repose confidence in its ability to correctly solve the leach field problem. *See Asciolla v. Manter Oldsmobile-Pontiac, Inc.*, 117 N.H. 85, 89, 370 A.2d 270, 273–74 (1977).

*Exceptions overruled.*

BROCK, J., did not sit.