Belknap
No. 81-038

JOHN DUNLOP & a.

v.

DANIEL DAIGLE

April 2, 1982

*Wescott, Millham & Dyer*, of Laconia (*Roger G. Burlingame* on the brief and orally), for the plaintiffs.

*Normandin, Cheney & O'Neil*, of Laconia (*Robert A. Dietz* on the brief and orally), for the defendant.

PER CURIAM.   The issues in this case are whether the trial court erred in concluding that the defendant's thirty-eight-dog kennel did not constitute a private nuisance; whether the court was correct in requiring "clear and convincing" evidence that the kennel was a nuisance; and whether the court properly refused to grant legal and equitable relief to the plaintiffs.

The plaintiffs, John and Lorraine Dunlop, have sold modular and mobile homes on their property since 1976. In the fall of 1978, they began to renovate a small cottage situated at the rear of their property, intending to rent it. They found a tenant in the spring of 1979. The renovations were finished in August 1979, at a cost of about $6,000. In the spring of 1979, however, Daniel Daigle, the plaintiffs' neighbor and the defendant herein, constructed a dog kennel that came within forty-eight inches of the cottage. The plaintiffs brought an action to enjoin Daigle from operating his

kennel, claiming it constituted a private nuisance. They also sought damages. The Superior Court (*Batchelder*, J.) approved the Master's (*Robert A. Carignan*, Esq.) recommendation to deny the Dunlops' petition. The plaintiffs appealed, and we reverse.

The master required the Dunlops to prove by clear and convincing evidence that the defendant's kennel constituted a nuisance. Although our cases set forth the elements of the nuisance cause of action, none of the cases mentions the plaintiff's burden of proof. *See Heston v. Ousler*, 119 N.H. 58, 60, 398 A.2d 536, 537 (1979); *Piecuch v. Manchester*, 114 N.H. 8, 9, 314 A.2d 642, 643 (1974); *Robie v. Lillis*, 112 N.H. 492, 495–96, 299 A.2d 155, 158–59 (1972); *Ferguson v. Keene*, 108 N.H. 409, 410, 238 A.2d 1, 2 (1967); *True v. McAlpine*, 81 N.H. 314, 315, 125 A. 680, 681 (1924).

■■ In a civil action the burden of proof is generally on the plaintiff to establish its case by a preponderance of the evidence. McCORMICK ON EVIDENCE § 339, at 793 (E. Cleary ed. 2d ed. 1972). Some jurisdictions specify that the existence of a nuisance must be proved by a preponderance of the evidence. *See* 58 AM. JUR. 2d § 136, at 707 (1971); *cf. Arnold v. Williams*, 121 N.H. 333, 335, 430 A.2d 155, 156 (1981) (standard of proof for prescriptive right is "balance of probabilities," not "clear and convincing"). We see no reason to deviate from the preponderance standard.

Normally, we would remand for a new trial, directing the master to apply the proper burden of proof standard. In this case, however, we find that the evidence compels the conclusion that a nuisance does exist. A contrary conclusion is not warranted by the evidence. *See Heston v. Ousler*, 119 N.H. at 60, 398 A.2d at 537; *Webb v. Rye*, 108 N.H. 147, 150, 230 A.2d 223, 226 (1967).

■■ A private nuisance exists when an activity substantially and unreasonably interferes with the use and enjoyment of another's property. *Heston v. Ousler*, 119 N.H. at 60, 398 A.2d at 537–38; *Robie v. Lillis*, 112 N.H. at 495–96, 299 A.2d at 158. To constitute a nuisance, the defendant's activity must cause harm that exceeds "the customary interferences a land user suffers in an organized society," *Robie v. Lillis*, 112 N.H. at 495, 299 A.2d at 158, and be an "appreciable and tangible interference with a property interest." *Id.* at 496, 299 A.2d at 158.

The defendant's thirty-eight-dog kennel is located behind the Dunlops' property and comes within forty-eight inches of a cottage which they hoped to rent. The evidence shows that this kennel interferes substantially with the plaintiffs' use of their property. First, they have been unable to rent their cottage because the

defendant's thirty-eight dogs are so close to it as to make it uninhabitable. John Dunlop testified that the plaintiffs looked for and found a tenant in the spring of 1979. Although the tenant wanted to live in the cottage and had agreed to rent it for $175 per month, he refused to live there after the defendant had installed a thirty-eight-dog kennel approximately four feet away.

■ The defendant's kennel also offends the Dunlops personally and interferes with their business. The plaintiffs testified that the kennel detracts from the appearance of the premises and that customers have been offended by the barking, howling, and odor emanating from the kennel. The Dunlops testified that customers have left because of the noise and odor. Their sales manager closed the business early two times during the summer of 1979 because he "couldn't stand the smell." This evidence amply supports a finding that the defendant's activity substantially and unreasonably interferes with the plaintiffs' use and enjoyment of their property. *See Heston v. Ousler*, 119 N.H. at 60, 398 A.2d at 537–38; *Robie v. Lillis*, 112 N.H. at 495–96, 299 A.2d at 158. A contrary conclusion is not warranted by the evidence.

■■ The defendant, who has a kennel license, breeds, sells, and races dogs. His tire business and residence are located on the same property as the kennel, but the kennel is located as far away from these structures, and as close to the plaintiffs' property, as possible. The defendant testified that he set the dogs "as far back on [his] property as [he] could put them" in order to protect his retail business from noise. When a defendant could take reasonable steps to reduce or eliminate inconvenience to the plaintiff and still carry on his business, he is more likely to be found liable for causing a nuisance. W. PROSSER, LAW OF TORTS § 89, at 599 (1971). The defendant has not taken such reasonable steps. Through his testimony, the defendant acknowledged that his dogs make noise and might interfere with a business.

■ Another factor to be considered in the balancing process is the defendant's twenty-thousand-dollar investment in the kennel. Although this is a substantial investment, the defendant should not be allowed to continue operating his kennel at his neighbors' expense simply because the kennel produces expensive odors and noises. *See Gerrish v. Wishbone Farm*, 108 N.H. 237, 239, 231 A.2d 622, 624 (1967).

■ When we balance the utility of the defendant's operation of his kennel against the harm caused to the plaintiffs, we conclude that the defendant should be enjoined from maintaining his

kennel where it is presently located. *Robie v. Lillis*, 112 N.H. at 496, 299 A.2d at 159. The trial court has broad and flexible equitable powers which allow it "to shape and adjust the precise relief to the requirements of the particular situation." *Webb v. Rye*, 108 N.H. at 153, 230 A.2d at 228. If the defendant's activity can be carried on without causing unreasonable interference to the plaintiffs, then the defendant should not be enjoined completely from operating his kennel. *Webb v. Rye*, 108 N.H. at 154, 230 A.2d at 228. On remand, the trial court should receive and consider evidence pertaining to improvement of the current conditions and fashion a remedy that is consistent with the standards set forth in this opinion. *See id.* at 154, 230 A.2d at 228–29.

■■ The master erred in denying the plaintiffs' claim for damages. In *Sundell v. Town of New London*, 119 N.H. 839, 848, 409 A.2d 1315, 1320 (1979), we held that damages for past harm are recoverable in a private nuisance action when the nuisance is temporary, or abatable, as in this case. The measure of damages is the value of that which the plaintiff has lost as a result of the defendant's activity. W. PROSSER, *supra* § 90, at 602.

■■ The plaintiffs claim a loss of profits from their mobile home business. When the plaintiffs' sales manager was asked how many sales the business had lost due to the noise and odor of the kennel, he answered "[i]t could go as high as six." The master granted the defendant's motion to strike the testimony as purely speculative and the plaintiffs excepted. Under New Hampshire's liberal rule, opinion evidence is admissible if it aids the fact-finder in the search for the truth. *Suojanen v. Tardif*, 121 N.H. 1036, 437 A.2d 310 (1981); *Wrobleski v. Constellation Corp.*, 118 N.H. 532, 533, 388 A.2d 944, 945 (1978); *Danos v. Company*, 94 N.H. 200, 201, 49 A.2d 926, 926 (1946). The trial court has a "large measure of discretion" whether opinion testimony should be admitted. *See* M. LOUGHLIN, NEW HAMPSHIRE TRIAL PRACTICE 100–01 (1975). The law in New Hampshire is that damages need not be proven with absolute certainty; however, the plaintiff must produce sufficient data to demonstrate that profits are reasonably certain to result. The master's ruling is consistent with New Hampshire law. *See Petrie-Clemons v. Butterfield*, 122 N.H. 120, 441 A.2d 1167 (1982).

■ In this case, damages consist of the loss of rental value of the cottage during the duration of the temporary nuisance. W. PROSSER, *supra* § 90 at 602. We remand for an assessment of the rent-

al income lost during the time the cottage was uninhabited and for other appropriate relief.

*Affirmed in part; reversed in part; remanded.*

BATCHELDER, J., did not sit.