Carroll
No. 83-448

THE STATE OF NEW HAMPSHIRE

v.

STUART WALLACE

October 26, 1984

634

*Gregory H. Smith*, attorney general (*Edna M. Conway*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   Defendant appeals from a jury verdict of guilty of driving while under the influence of intoxicating liquor. Defendant claims that the Superior Court (*Temple*, J.) erred in not admitting certain opinion testimony offered by the defendant's expert concerning the extent of the defendant's intoxication. We affirm.

At the trial, the arresting officer testified that the defendant's conduct and a breathalyzer test indicated that he was intoxicated.

Challenging the reliability of the breathalyzer results, the defendant testified to the amount of liquor he drank prior to the arrest and presented the expert testimony of Dr. Harvey Cohen, a chemist who has studied breath analysis tests. On direct examination, Dr. Cohen testified that, in light of the testimony of the arresting officer, he would not rely on the test, considering the way it was administered. He added that the breathalyzer results were inconsistent with the defendant's testimony of what he had had to drink.

On cross-examination, Dr. Cohen was asked about the effects of alcohol on an individual's judgment, self-confidence, and ability to perform complex tasks. He also responded to questions regarding the effect of alcohol on an individual's vision and ability to drive a car. The defendant did not object to this line of questioning.

On redirect, the defendant asked the expert whether, in his opinion, the officer's description of the defendant's conduct was more consistent with the breathalyzer results or the expert's estimation of the defendant's blood alcohol content. The court sustained the State's objection to the question, ruling that the witness was not qualified to offer expert testimony on this subject.

■■ "The test for admissibility of opinion evidence is whether . . . it may aid the jury in their search for truth." *Belleau v. Hopewell*, 120 N.H. 46, 53, 411 A.2d 456, 461 (1980). We conclude that the trial court properly ruled that the witness was not qualified as an expert to evaluate the defendant's intoxication on the basis of his conduct. This judgment would require extensive knowledge of the physiological effects of alcohol. The expert's educational and professional credentials were in chemistry. His expertise was the determination of blood alcohol content on the basis of mathematical formulae and controlled chemical tests, not on the basis of the subject's personal behavior. On cross-examination, his testimony regarding the effects of alcohol on a person's judgment, self-confidence, and ability to perform complex tasks was general and vague; he did not demonstrate special knowledge in this area. The testimony he gave on cross-examination on the general physiological effects of alcohol and the testimony sought on redirect on the level of the defendant's intoxication could, therefore, only be offered as lay opinion. Since these opinions were not based on first-hand knowledge, they were properly objectionable. *See Hardy v. Merrill*, 56 N.H. 227, 252 (1875); *see also* proposed NEW HAMPSHIRE RULES OF EVIDENCE, Rule 701 (lay opinion testimony must be "rationally based on the perception of the witness").

■■ The admission of the incompetent testimony on cross-examination did not automatically open the door to the similarly objectionable testimony on redirect. Where incompetent testimony is admitted, without objection by the adversary, the admissibility of answering evidence is within the trial judge's discretion. *See* McCORMICK, HANDBOOK OF THE LAW OF EVIDENCE § 57(3) (2d ed. 1972); *see generally Wrobleski v. Constellation Corp.*, 118 N.H. 532, 533, 388 A.2d 944, 945 (1978). Because we find that the witness' testimony on cross-examination about the general physiological effects of alcohol use was not prejudicial to the defendant, we hold that the judge did not abuse his discretion in excluding the opinion testimony on redirect examination.

*Affirmed.*

All concurred.