**NEW ENGLAND INSURANCE COMPANY**

v.

**Frank J. SYLVIA and Western Surety Company, et al.**

**No. C–89–84–L.**

United States District Court, D. New Hampshire.

Nov. 14, 1991.

James E. Owers of Sulloway, Hollis & Soden, Concord, N.H., for Western Sur. Co.

Frank J. Sylvia, pro se.

Eric Lund, Posternak, Blankenstein & Lund, Boston, Mass., and Paula T. Rogers,

Rogers & Puckhaber, Concord, N.H., for New England. Ins. Co.

## ORDER

LOUGHLIN, Senior District Judge.

This order responds to the cross-motions for summary judgment submitted by the parties. The summary judgment motions are consolidated in this order.

### 1. Background

This is a declaratory judgment action. Plaintiff, New England Insurance (NEI), wrote a lawyer's professional liability policy (the policy) for defendant, former Attorney Sylvia. It is alleged that defendant Sylvia, in his capacity as a fiduciary, converted certain funds from four probate estates, two escrow fund accounts, and a guardianship account for his own use. NEI seeks a declaration that it is not required to defend or indemnify Sylvia from claims arising out of his alleged misconduct. Both parties have filed motions for summary judgment.

The underlying cases involved in this declaratory judgment action relate to the following trust arrangements in which Sylvia was a fiduciary: (1) the estate of Frank H. Colburn; (2) the estate of Elizabeth Nutting; (3) the estate of John H. Powell; (4) the estate of Alice E. LaBier; (5) the Murray Smith escrow account; (6) the George E. Broadley escrow account; and (7) the Melissa Lougee guardianship. A criminal action involving six counts of theft has also been brought against Sylvia. A jury convicted Sylvia on three of those counts for "Theft by Unauthorized Taking or Transfer" pursuant to N.H.Rev.Stat.Ann. 637:3. Sylvia is presently serving a five to ten year sentence at the New Hampshire State Prison in Concord, New Hampshire. All three counts have been appealed and are pending before the New Hampshire Supreme Court. At least two more counts of theft are pending in Hillsborough County Superior Court.

On May 31, 1989, the New Hampshire Supreme Court (Supreme Court) issued an order disbarring Sylvia from the practice of law in New Hampshire. The investigation, conducted by the Professional Conduct Committee, involved Sylvia's actions relating to the trust arrangements listed *supra*. Based upon uncontested evidence, the Professional Conduct Committee made findings, subsequently adopted by the Supreme Court, indicating that Sylvia had misappropriated funds for his own use from all but the Broadley account.

On October 10, 1989, Sylvia filed for bankruptcy in the Bankruptcy Court for the District of New Hampshire. Beneficiaries of the Powell and LaBier estates requested the Bankruptcy Court to except their claims from discharge. Sylvia failed to answer the complaint filed by the beneficiaries resulting in the exceptions being granted.

It is undisputed that the policy coverage period terminated on March 27, 1986. It is also undisputed that in March 1986, NEI issued a "Limited Extended Reporting Period Endorsement" to Sylvia, extending the reporting period from March 27, 1986 to March 27, 1992 for claims made on the policy. It is noted that the extension relates only to the reporting period and not the coverage period.

In accordance with the insurance policy, NEI is defending Sylvia in the civil actions. However, NEI is providing the defense with a reservation of rights to be determined in this declaratory judgment action.

### 2. Discussion

■ Federal Rule of Civil Procedure 56(c) governs summary judgment and states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Furthermore, *"[S]ome alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 247–248, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986) (emphasis original). A fact is material if it could affect the outcome of the suit under the governing law. *Id.* at 248, 106 S.Ct. at 2510. A dispute about a material fact creates a genuine issue if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A number of criminal and civil proceedings have been brought against Sylvia that directly affect the outcome of the present case. Each involves one or more of the underlying civil actions. For clarity, each proceeding will be reviewed separately applying the summary judgment standard set forth above to determine if plaintiff is required to defend or indemnify Sylvia in any or all of the underlying civil actions.

### A. Criminal proceedings

■ It is undisputed that on November 26, 1990, a jury convicted Sylvia on three counts of "Theft by Unauthorized Transfer or Taking" from the estate of Frank H. Colburn, the guardianship account of Melissa Lougee, and the estate of Elizabeth Nutting. (*See* doc. no. 23 Affidavit of Sean M. Dunne). The policy issued to Sylvia by NEI provides that the policy does not apply "to any damages arising out of an adjudicated criminal, dishonest or fraudulent act, error or omission; however, the Company [New England Insurance] shall defend any suit seeking such damages until a *final adjudication* of liability . . . ." (*See* Exhibit B attached to doc. no. 54) (emphasis added).

The key dispute is whether these convictions are final adjudications, thereby meeting the requirements of the policy exclusion provision. Sylvia contends that the convictions will not be final adjudications until the appeal process is completed. Plaintiff contends the convictions are final adjudications at the Superior Court level.

The Supreme Court Rules define appeal as an "[a]ppellate review of rulings adverse to a party after a *final decision* on the merits in a lower court." N.H.Sup.Ct.R. 3 (emphasis added). Black's Law Dictionary indicates that the terms "decision" and "judgment" are commonly used inter-changeably. Black's Law Dictionary 755 (5th ed. 1979). This court agrees that the terms are used interchangeably and that a "final decision" in the lower court (Superior Court) is the equivalent of a "final judgment" or "adjudication".

The three counts of theft, tried before a jury, were tried to completion—a verdict was reached. Subsequently, the counts have been accepted for appeal by the Supreme Court. The Supreme Court, pursuant to Supreme Court Rules 3 and 7, will not accept for appeal a lower court decision that is not final therefore, this court finds the final decisions rendered in the Hillsborough County Superior Court to be final judgments within the meaning of the policy exclusion provision. Since the final judgments are adjudications of criminal activity, the exclusion provision is brought into full effect, removing plaintiff's obligation to defend or indemnify Sylvia in the Colburn, Nutting, and Lougee civil actions. Summary judgment is granted in favor of the plaintiff as to these three trust arrangements. Plaintiff's and defendant's other contentions regarding these trust arrangements will not be addressed as the decision above is dispositive.

### B. Bankruptcy proceedings

Sylvia filed for bankruptcy in the United States Bankruptcy Court for the District of New Hampshire. Beneficiaries of the John H. Powell estate and the Alice E. LaBier estate requested the Bankruptcy Court to except their claims against Sylvia's estate from discharge. In particular, the beneficiaries alleged that Section 727 of the Bankruptcy Code (codified in 11 U.S.C.) "does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. sec. 523(a)(4). Defalcation is defined *inter alia,* as a "misappropriation of trust funds or money held in any fiduciary capacity . . . ." Black's Law Dictionary 375 (5th ed. 1979).

An adversary proceeding was scheduled for March 6, 1990. Sylvia defaulted by failing to answer and a final judgment was entered in favor of the beneficiaries. The

<br>

Court held the debts owed to the Powell and LaBier estates to be nondischargeable. (*See* Exhibits M and N attached to doc. no. 54). Sylvia claims to have requested the Bankruptcy Court to declare these debts nondischargeable. The final judgment does not verify Sylvia's claim; instead, the Bankruptcy Court found Sylvia to be in default. At issue is whether the default judgment is a final adjudication for purposes of this insurance policy.

 It has been held that as long as a court has jurisdiction over the parties and the subject-matter, a judgment rendered by that court operates as res judicata absent fraud or collusion *even if obtained by default. In re A–1 24 Hour Towing, Inc.,* 33 B.R. 281, 284 (Bkrtcy.D.Nev.1983) (citing *Riehle v. Margolies,* 279 U.S. 218, 225, 49 S.Ct. 310, 313, 73 L.Ed. 669 (1929) (emphasis added). *See also In re White,* 18 B.R. 246 (Bkrtcy.E.D.Va.1982). Res judicata is defined in pertinent part as "a thing or matter settled by judgment." Black's Law Dictionary 1173 (5th ed. 1979). Res judicata is also commonly known as claim preclusion. *In re A–1* at 284. Therefore, a default judgment is a final judgment as to the claims raised by the prevailing party.

 As noted *supra,* the policy excludes coverage for adjudicated criminal, fraudulent, or dishonest acts. The beneficiaries sought an exception to discharge of their claims based on a theory of fraud. Accordingly, the default judgment that operates as res judicata as to the claim of misappropriation of funds or fraud is a final judgment of fraud within the meaning of the policy exclusion provision thereby terminating plaintiff's duty to defend or indemnify Sylvia in the civil actions involving the Powell and LaBier estates. Summary judgment is granted in favor of the plaintiff regarding the Powell and LaBier estates.

C. Disbarment proceedings

 Sylvia was the subject of a disbarment proceeding conducted by the Professional Conduct Committee (the Committee) in conjunction with the Supreme Court. The Committee held hearings and estab-

lished from uncontested facts that Sylvia converted, misappropriated or had taken client's funds for his own personal use. (*See* Exhibit K attached to doc. no. 54). A referee was appointed by the Supreme Court to make findings of fact in the matter. Having reviewed the evidence, the referee adopted the findings of the Committee. *Id.* The Supreme Court in addressing the matter, adopted the referee's findings and disbarred Sylvia from the practice of law in New Hampshire by order dated May 31, 1989. (*See* Exhibit J attached to doc. no. 54).

The Supreme Court's finding of fund misappropriation is clearly a fraudulent or dishonest act that falls within the meaning of the policy exclusion provision. Once again, the issue is whether the Supreme Court's decision is a final adjudication within the meaning of the policy exclusion provision.

Sylvia contends that no criminal adjudication has been made by the Supreme Court. He also contends that his admissions were not confessions of guilt in the underlying civil or criminal matters. Sylvia is correct on both points. The Supreme Court decision is not a criminal adjudication and Supreme Court Rule 37(5) provides immunity to any person who testifies before the Committee on professional conduct matters. However, the policy provision in question excuses plaintiff from performance for adjudicated *fraudulent* or *dishonest* acts not just criminal acts. The acts reviewed and investigated by the Committee and the Supreme Court involved fraudulent and dishonest acts effectively rendering Sylvia's criminal adjudication contention irrelevant. If the Supreme Court's decision is a final adjudication within the meaning of the policy provision, summary judgment will lie in favor of the plaintiff.

The New Hampshire Supreme Court is the court with original jurisdiction and also the court of last resort, absent an unlikely appeal to the United States Supreme Court, for disciplinary matters regarding New Hampshire attorneys. N.H.Sup.Ct.R. 37(1)(a). Sylvia is correct in stating that the New Hampshire Supreme Court's deci-

sion does not amount to a civil or criminal adjudication. Nevertheless, this court finds that the New Hampshire Supreme Court's decision is a final adjudication within the meaning of the policy exclusion provision.

As decided *supra*, a final decision in the Superior Court is sufficient to meet the requirements of the policy exclusion provision. Civil actions tried in the Superior Court use a preponderance standard when making findings of fact. *Dunlop v. Daigle*, 122 N.H. 295, 444 A.2d 519 (1982). Findings of fact made by the committee or the Supreme Court in professional conduct matters must be sustained by a clear and convincing evidentiary standard. Prof. Conduct Comm. R. 3.18(b). *See also Edes' Case*, 118 N.H. 815, 395 A.2d 498 (1978). If a final decision in a civil action rendered by a trial court using a preponderance standard is sufficient to meet the policy exclusion provision requirements, *a fortiori*, a final decision rendered by a court of last resort (the New Hampshire Supreme Court) using a clear and convincing standard, must necessarily meet the policy exclusion provision requirements as well. Therefore, this court finds the disbarment judgment to be a final judgment of fraud or dishonest conduct within the meaning of the policy exclusion provision. Plaintiff's contractual duty to defend or indemnify Sylvia is terminated forthwith as to the civil action involving the Murray Smith escrow account.

### D. Acts Occurring Outside of Coverage Period

The final account involved in this litigation is the George E. Broadley escrow account. It is uncontested that the matter in dispute relates to a real estate closing that took place on June 14, 1988. (*See* Exhibit C attached to doc. no. 54). At the closing, Sylvia received a check for $49,000 on behalf of the Broadleys. Sylvia alleges he spent the money received on behalf of the Broadleys for their benefit. The Broadleys contend Sylvia fraudulently withheld or used the funds for himself.

It is clear that the policy covers acts or omissions which occurred prior to March 27, 1986. Sylvia contends generally, that he established relationships with the clients involved in the underlying claims well before March 27, 1986. He further contends that the acts complained of were a continuum of events occurring before and after March 27, 1986. This contention does not raise an issue of fact material to the present action. The Broadleys brought an action in Hillsborough County Superior Court involving claims limited to acts associated with the closing on June 14, 1988. Any other actions conducted by Sylvia on behalf of the Broadleys either before or after March 27, 1986 are irrelevant for both the state civil action and this declaratory action.

The policy coverage period is clear. The acts or omissions in question occurred on or about June 14, 1988, well *after* the coverage period. Therefore, plaintiff is not obligated to defend or indemnify Sylvia in the Broadley civil action.

Having carefully reviewed all the facts relating to the events giving rise to the seven civil actions discussed herein, the court cannot find any issues of material fact that would preclude granting summary judgment. Applying the facts as found to the professional insurance policy, this court finds that plaintiff, New England Insurance Co., as a matter of law, is not obligated to defend or indemnify defendant Sylvia as to any of the underlying civil actions. Accordingly, defendant Sylvia's motion for summary judgment is hereby denied. Plaintiff New England Insurance Co.'s motion for summary judgment is hereby granted.