Strafford
No. 93-212

STEVEN HANCOCK

v.

R.A. EARNHARDT TEXTILE MACHINERY DIVISION, INC. & a.

January 31, 1995

*Burns, Bryant, Hinchey, Cox & Schulte, P.A.* of Dover (*James H. Schulte* on the brief and orally), for the plaintiff.

*Upton, Sanders & Smith,* of Concord (*Gilbert Upton* on the brief, and *Russell F. Hilliard* orally), for defendant R.A. Earnhardt Textile Machinery Division, Inc.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Dean B. Eggert* on the brief and orally), for defendant Blumenthal Mills, Inc.

HORTON, J. The plaintiff, Steven Hancock, appeals from an order of the Superior Court (*Fitzgerald,* J.) directing a verdict for defendant Blumenthal Mills, Inc. (Blumenthal) in his action for negligence and strict liability. At the close of the plaintiff's evidence, the trial court granted Blumenthal's motion for dismissal or directed verdict on the ground that the plaintiff failed to produce evidence sufficient to prove that Blumenthal ever owned the machine upon which the plaintiff was injured. We affirm.

The plaintiff was injured in the course of his employment at Facemate Pond Lily/Great Falls Company (employer) while operating a textile machine known as an "inspection frame." The plaintiff's injuries occurred when his hand was sucked into the rollers as he tried to steady the machine. The inspection frame upon which the plaintiff was injured was one of four similar machines his employer purchased from defendant R.A. Earnhardt Textile Machinery Division, Inc. (Earnhardt), a reseller of used textile machinery. At trial the plaintiff alleged that Earnhardt purchased from Blumenthal all four of the machines that it sold to the employer. Blumenthal argued that it sold only three machines to Earnhardt and that the fourth must have come from some other source. At the close of the plaintiff's evidence, Blumenthal made a motion, which the court granted, for dismissal or directed verdict on the ground that the plaintiff presented no evidence from which a reasonable jury could conclude that the inspection frame upon which the plaintiff was injured came from Blumenthal.

The primary issue in this case is whether the trial court erred in determining that no rational juror could find that Blumenthal ever owned the inspection frame upon which the plaintiff was injured. "In a civil action the burden of proof is generally on the plaintiff to establish its case by a preponderance of the evidence." *Dunlop v. Daigle,* 122 N.H. 295, 298, 444 A.2d 519, 520 (1982). "It is quite clear that an essential element of the plaintiff's case [is] the identification of the named defendant as the manufacturer or supplier of the defective product." W. KEETON, PROSSER AND KEETON ON THE LAW OF TORTS § 103, at 713 (5th ed. 1984).

■ "A motion for directed verdict may be granted only if the trial court determines, after considering the evidence and construing all inferences therefrom most favorably to the non-moving party, that no rational juror could conclude that the non-moving party is entitled to any relief." *Goodwin v. James*, 134 N.H. 579, 582, 595 A.2d 504, 506 (1991). "We will uphold the trial court's ruling on a motion for directed verdict when the record supports the conclusion that the trial court did not abuse its discretion in determining that no rational juror could find for the non-moving party." *Id.* at 583, 595 A.2d at 507 (citation and quotation omitted). "A defendant is entitled to a directed verdict [only] if the plaintiff offers no evidence from which [a] reasonable [juror] can infer the burden of proof has been sustained." *Drop Anchor Realty Trust v. Hartford Fire Ins. Co.*, 126 N.H. 674, 678, 496 A.2d 339, 342 (1985) (citation and quotation omitted).

The plaintiff concedes that there was no *direct* testimony that the machine in question was ever owned or sold by Blumenthal. The plaintiff, however, contends that the circumstantial evidence was sufficient to defeat the motion for directed verdict.

The following evidence was admitted at trial. Blumenthal purchased five identical inspection frames from Unlimited Textile Supply Company in 1976. A bill of lading reveals that four inspection frames were shipped from Blumenthal to Earnhardt for storage in 1981. The executive vice-president for Blumenthal testified that one of the four machines that was sent to Earnhardt was sent back to Blumenthal's facility in New Orleans and was never purchased by Earnhardt. Price quotations dated March 9, 1982, from Earnhardt to the employer reveal that Earnhardt had three ninety-six inch inspection frames available for $6500 each and that these machines could be cut down to seventy-two inches for $7500 each. The quotations further indicate that Earnhardt had one seventy-two inch inspection frame available for $5500. An invoice from Blumenthal to Earnhardt dated May 31, 1982, reveals that Earnhardt purchased three ninety-six inch inspection machines from Blumenthal. Inventory control sheets at Earnhardt show that three of the four inspection machines that Blumenthal shipped to Earnhardt for storage were purchased by Earnhardt and later sold to the employer. Earnhardt sold a total of four inspection frames to the employer in May 1982. The purchase order from the employer to Earnhardt indicates that two of the machines the employer purchased from Earnhardt were ninety-six inches and two were seventy-two inches. The plaintiff was injured on a seventy-two inch machine that was purchased from Earnhardt. There are no serial numbers on the machines.

On a view the jury observed three of the four inspection frames purchased from Earnhardt, including the one that injured the plaintiff.

Of the three machines remaining, two were seventy-two inch machines and one was a ninety-six inch machine.

■ The plaintiff offers two separate theories under which a juror could have found by a preponderance of the evidence that the machine that caused the plaintiff's injuries was once owned by Blumenthal. The plaintiff argues that because the three machines which the jury viewed were essentially similar, the jury could have reasonably concluded that it was more likely that those machines came from a single source than from separate sources. The plaintiff cites a number of cases from other jurisdictions where similarity was sufficient for the question of identity to go to the jury in situations where the manufacturer claimed that it did not manufacture the item in question. *See, e.g., Scott v. Aetna Insur. Co.*, 362 N.W.2d 734, 737 (Mich. App. 1984). While similarity may prove identity in a case where the identity of the manufacturer is disputed, these decisions have no persuasive value in this case because Blumenthal neither manufactured these machines nor had them built especially for itself. Thus similarity is not evidence from which a reasonable juror could conclude that Blumenthal once owned the machine upon which the plaintiff was injured.

■ The plaintiff also argues that the evidence supports a finding that all four machines Earnhardt sold to the employer came from Blumenthal, which would lead to the conclusion that the machine upon which the plaintiff was injured came from Blumenthal. The plaintiff presented conclusive evidence that three of the machines that came from Earnhardt were once owned by Blumenthal. There was no evidence, however, from which a reasonable juror could infer that all four machines were owned by Blumenthal. This inference would have to be made in the face of the uncontroverted testimony that one of the machines originally sent to Earnhardt for storage was sent back to Blumenthal's New Orleans facility rather than being sold to Earnhardt. Although a reasonable juror might rightfully reject this testimony, there is no evidence that either contradicts this testimony or otherwise supports the plaintiff's argument other than the fact that Blumenthal shipped four machines to Earnhardt and Earnhardt sold four machines to the employer, and the absence of records regarding the disposition of the fourth machine. These facts, however, would not permit a reasonable juror to infer that it was more probable than not that the plaintiff was injured on a machine once owned by Blumenthal.

The plaintiff was injured on a seventy-two inch machine. The fact that Earnhardt resold three machines it purchased from Blumenthal to the employer, that the employer ordered two ninety-six inch and two seventy-two inch machines, and that Blumenthal sold only ninety-six inch machines dictates a finding that one of the machines purchased

from Blumenthal was cut down to seventy-two inches. One of the seventy-two inch machines owned by the employer therefore came from Blumenthal. The employer had two seventy-two inch machines, however. There is no evidence that the other seventy-two inch machine which the employer purchased from Earnhardt came from Blumenthal. That the plaintiff was injured on a seventy-two inch machine shows only a possibility that he was injured on the seventy-two inch machine that came from Blumenthal. The circumstantial evidence necessary to permit a finding based upon the preponderance of the evidence must make the finding reasonably probable, not merely possible. *Danielsen v. Richards Manufacturing Co.*, 294 N.W.2d 858, 861 (Neb. 1980). We hold no reasonable juror could have concluded that the plaintiff had met his burden of proving by a preponderance of the evidence that Blumenthal had once owned the machine upon which the plaintiff was injured.

We do not consider the plaintiff's contention that the trial court erred in limiting his argument to the jury because the plaintiff failed to preserve the issue for appellate review. *State v. Wong*, 138 N.H. 56, 66, 635 A.2d 470, 476 (1993). The cross-appeal filed by defendant Earnhardt is dismissed as moot.

*Affirmed.*

All concurred.