NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

6th Circuit Court-Concord Family Division
Case No. 2023-0014
Citation: In the Matter of Carter & Carter, 2024 N.H. 30

IN THE MATTER OF BRADLEY CARTER AND RACHEL CARTER

Argued: September 21, 2023
Opinion Issued: June 6, 2024

Wadleigh, Starr & Peters, P.L.L.C., of Manchester (Michael G. Eaton and Christine A. Gordon on the brief, and Michael G. Eaton orally), for the petitioner.

The Crisp Law Firm, PLLC, of Concord (Jack P. Crisp, Jr. on the brief and orally), for the respondent.

HANTZ MARCONI, J.

[¶1] The respondent, Rachel Carter (mother), and the petitioner, Bradley Carter (father), divorced in 2020 and are the parents of two children. The mother appeals an order of the Circuit Court (Hersh, J.) that modified her supervised visits with her children and denied her requests for additional parenting time and unsupervised visits. We vacate and remand for proceedings consistent with this opinion.

I

[¶2] We draw the following facts from the trial court's order or the contents of the record before us. Around the time of the divorce, the mother had an alcohol use disorder. The final parenting plan gave sole decision-making authority and primary residential responsibility to the father. The mother was granted a two-hour supervised visit with her children twice a month at a visitation center, when it was convenient for the father.

[¶3] The parties followed this routine for some time until their visitation center was about to close. Because of the approaching closure and her two years of sobriety, the mother requested unsupervised visits and weekends with her children. The father objected. Following a temporary hearing, the Circuit Court (Lemire, J.) issued an order in which it observed that the mother sought to substantially increase her parenting time. It noted that "[t]he only section of RSA 461-A:11, I[,] which the [mother] possibly could argue applies with respect to her Motion to Change Parenting Plan is RSA 461-A:11, I(c)." See RSA 461-A:11, I(c) (2018) (providing that a court can modify a parent's rights and responsibilities if it "finds by clear and convincing evidence" that the children's "present environment is detrimental" to their health and the benefit to them outweighs the harm that a change in environment will likely cause). It then sent the parties to mediation.

[¶4] The parties' mediation proved unsuccessful. As a result, they proceeded to a final hearing. There, the mother requested two modifications of her parental rights and responsibilities: unsupervised parenting time and an expansion of her parenting time. Regarding her request for expanded parenting time, she contended that the children's "present environment" was detrimental to the children because of their irregular contact with her and their limited ability to see her. The Circuit Court (Hersh, J.) denied her request, explaining that she did not establish by clear and convincing evidence that the children's present environment is detrimental to their physical, mental, or emotional health. See RSA 461-A:11, I(c). It also maintained the schedule of two, two-hour supervised visits with the mother per month with a mutually agreeable supervisor, thereby implicitly denying her request for unsupervised visitation. The mother appealed.

II

[¶5] We will not overturn a trial court's denial of a request to modify an order regarding parental rights and responsibilities unless it clearly appears that the trial court unsustainably exercised its discretion. See In the Matter of Summers & Summers, 172 N.H. 474, 478-79 (2019). Thus, we review only whether the record establishes an objective basis sufficient to sustain the

2

discretionary judgment made, and we will not disturb the trial court's determination if it could have reasonably been made. Id. at 479.

[¶6] We first address the mother's argument that the trial court erred when it determined that the mother failed to meet her burden under RSA 461-A:11, I(c) regarding her request for expanded parenting time. Specifically, the mother argues that the trial court improperly narrowed its "present environment" inquiry to the children's routine with the father and failed to consider other factors, including the infrequency of their contact with their mother.

[¶7] Determining whether the trial court properly interpreted "present environment" requires that we interpret RSA 461-A:11, I(c). We review the trial court's statutory interpretation de novo. Summers, 172 N.H. at 479. When interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Doe v. Attorney General, 175 N.H. 349, 352 (2022). We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. The legislature is not presumed to waste words or enact redundant provisions and, whenever possible, every word of a statute should be given effect. Id. We construe all parts of a statute together to effectuate its overall purpose and avoid an absurd or unjust result. Id. Moreover, we do not consider words and phrases in isolation, but rather within the context of the statute as a whole. Id.

[¶8] RSA 461-A:11 states in part:

> I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances:
> . . .
> (c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment.

RSA 461-A:11, I(c).

[¶9] The term "present environment" is not defined in RSA chapter 461-A. When a term is not defined in a statute, we look to its common usage, using the dictionary for guidance. Bedford Sch. Dist. v. State of N.H., 171 N.H. 246, 250 (2018). The Oxford English Dictionary defines "environment" as "a particular set of surroundings or conditions which something or someone exists in or interacts with." Oxford English Dictionary, https://

3

www.oed.com/dictionary/environment_n?tab=meaning_and_use# 5307111 (last visited June 4, 2024). "Present" is defined as "[e]xisting or occurring now." Id. at https://www.oed.com/dictionary/present_adj?tab=meaning_and _use#28601263 (last visited June 4, 2024). Accordingly, the plain meaning of "present environment" is the surroundings or conditions in which the children now exist.

[¶10] This broad definition comports with the policy underlying the statutory scheme. See Petition of Carrier, 165 N.H. 719, 721 (2013) (explaining that we interpret a statute's language in light of the policy the statutory scheme sought to advance). RSA 461-A:2 provides that "children do best when both parents have a stable and meaningful involvement in their lives." RSA 461-A:2, I (2018). With that principle in mind, the policy of the state is to "[s]upport frequent and continuing contact between each child and both parents" and to "[e]ncourage parents to share in the rights and responsibilities of raising their children" unless it would be detrimental to the children. RSA 461-A:2, I(a)-(b). Similarly, RSA 461-A:6 requires that when determining parental rights and responsibilities, the court shall be guided by the child's best interests. RSA 461-A:6, I (Supp. 2023). When doing so, it must consider, among other things, each parent's relationship with the child and ability to provide the child with "nurture, love, affection, and guidance," to meet the child's developmental needs, and to foster and support a positive relationship with the other parent and between the child and the other parent. RSA 461-A:6, I(a), (c), (e), (f), (g). Such policies inform the broad definition of "present environment."

[¶11] Viewing the plain meaning of "present environment" in the context of RSA chapter 461-A, we conclude that the children's "present environment" is determined by assessing the surroundings or conditions in which the children now exist. That assessment includes their daily activities, mental and emotional states, and their needs. Consequently, when assessing a child's "present environment," the court must consider a range of factors that contribute to the child's wellbeing.

[¶12] Nevertheless, the father, relying upon our decision in In the Matter of Summers & Summers, 172 N.H. 474, 480-81 (2019), contends that concerns over the mother's sobriety, alone, suffice to deny her request for additional parenting time. We disagree. The mother's sobriety, or lack thereof, is but one of many factors comprising the children's present environment that the trial court must consider. Because it is unclear whether the trial court applied the broad definition of "present environment" stated above when assessing the mother's request to expand her parenting time, we vacate the trial court's order denying her request for a modification of parenting time and remand for the trial court to reconsider her request consistent with this decision. See In re Jessie E., 137 N.H. 336, 343 (1993).

4

[¶13] Next, the mother challenges the trial court's denial of her request for unsupervised visitation. Specifically, she argues that the court should have evaluated her proposal for unsupervised parenting time under RSA 461-A:11, II because her proposal would modify the parenting plan, not the parenting schedule. See Summers, 172 N.H. at 483; RSA 461-A:1, VI, VII (Supp. 2023) (defining "parenting plan" and "parenting schedule"). The father counters that this issue is not preserved because the mother did not cite that section of the statute in the trial court. Because we are vacating the trial court's denial of the mother's request for additional parenting time, we also vacate the court's denial of her request for unsupervised visitation. On remand, the parties may clarify the statutory basis for the relief they are requesting.

[¶14] In light of our decision on the mother's first two arguments, we need not address her other arguments. Accordingly, we vacate the trial court's denial of the mother's requests for unsupervised visitation and expanded parenting time and remand for further proceedings consistent with this opinion.

Vacated and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.