NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

3rd Circuit Court-Conway Family Division
Case No. 2023-0069
Citation: In the Matter of Sutton & Sutton, 2024 N.H. 39

IN THE MATTER OF MAURA E. SUTTON AND JOHN C. SUTTON

Submitted: October 3, 2023
Opinion Issued: July 24, 2024

Devine, Millimet & Branch, P.A., of Manchester (Ronald J. Caron on the brief), for the petitioner.

Primmer Piper Eggleston & Cramer PC, of Manchester (Doreen F. Connor on the brief), for the respondent.

HANTZ MARCONI, J.

[¶1] This case concerns the standard of proof applicable to underlying factual findings offered to support a claim to modify a parenting schedule based on an allegation that the child's present environment is detrimental. The petitioner, Maura E. Sutton, appeals an order of the Circuit Court (Greenhalgh, J.) ruling that the petitioner had not met her burden because the evidence of the alleged facts did not meet the clear and convincing standard. See RSA 461-A:11, I(c) (2018). The relevant part of the statute requires that a party prove "by clear and convincing evidence that the child's present environment is detrimental." RSA 461-A:11, I(c). The petitioner argues that the proper

standard for proving these underlying facts, such as what comprises the child's "present environment," is by a preponderance of the evidence. The respondent, John C. Sutton, contends that, in this case, because one underlying fact is the only, and, therefore, "ultimate fact," the clear and convincing standard applies to proof of that fact. We agree with the petitioner as to the applicable burden of proof for the underlying facts. Thus, we vacate the trial court's decision and remand for further proceedings.

[¶2] Resolving this dispute requires that we interpret the statute to determine the appropriate burden of proof required when a party seeks to modify a parenting schedule pursuant to RSA 461-A:11, I(c). We review the trial court's statutory interpretation de novo. In the Matter of Summers & Summers, 172 N.H. 474, 479 (2019). When interpreting statutes, we first look to the language of the statute itself, and, if possible, construe the language according to its plain and ordinary meaning. Doe v. Attorney General, 175 N.H. 349, 352 (2022). We interpret the statute as written and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We construe all parts of a statute together to effectuate its overall purpose. Id.

[¶3] RSA 461-A:11 governs circumstances under which a parenting plan may be modified. RSA 461-A:11 (2018). RSA 461-A:11, I(c) states:

> I. The court may issue an order modifying a permanent order concerning parental rights and responsibilities under any of the following circumstances:
> . . .
> (c) If the court finds by clear and convincing evidence that the child's present environment is detrimental to the child's physical, mental, or emotional health, and the advantage to the child of modifying the order outweighs the harm likely to be caused by a change in environment.

RSA 461-A:11, I(c). The statute's plain language applies the "clear and convincing" standard to the ultimate finding that the child's present environment is detrimental. Id. The statute is silent, however, with respect to the standard of proof required to establish the facts that constitute the child's present environment. Id.; see In the Matter of Carter & Carter, 176 N.H. __, __ (2024), 2024 N.H. 30, ¶11 (defining a child's "present environment" as including many factors).

[¶4] To the extent that the resolution of the standard of proof applicable to factual findings requires us to interpret the statute, our review is de novo. See In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 145 (2020). We interpret legislative intent from the statute as written and we will not consider what the legislature might have said or add words that the legislature did not include.

2

Summers, 172 N.H. at 479.  Moreover, we interpret statutes in the context of the overall statutory scheme and not in isolation.  Id.

[¶5] RSA 461-A:11, I, lists many bases that justify a modification of a parenting plan.  RSA 461-A:11, I(a)-(i) (2018).  Several are premised on a determination that the modification is in the best interest of the child.  See RSA 461-A:11, I(b), (d), (f), (g), (h), (i); see also RSA 461-A:11, II.  Although the burden of proof is on the moving party, see RSA 461-A:11, III (2018), no standard of proof is identified in these subsections.  See generally RSA 461-A:11.  Two subsections apply a clear and convincing standard, albeit, limited to certain findings.  See RSA 461-A:11, I(c) (requiring clear and convincing evidence that the child's present environment is detrimental); (e) (requiring clear and convincing evidence that a minor child is of sufficient maturity to make a sound judgment).  Specifically, subsection (c) does not articulate a standard for other findings required of the trial court; that is, for findings related to the factors that make up the child's present environment under subsection (c).  RSA 461-A:11, I(c).  It is the standard applicable to these "underlying" factors that the parties dispute.

[¶6] As the trial court noted, we have not had the occasion to determine the standard applicable to the underlying factual findings in RSA 461-A:11, I(c).  In an analogous situation, the Supreme Court of Tennessee has done so.  See In re Markus E., 671 S.W.3d 437, 457 (Tenn. 2023).  Tennessee law applies the clear and convincing standard in termination of parental rights cases — a person seeking to terminate parental rights must prove both the existence of one of the statutory grounds for termination and that termination is in the child's best interest.  Tenn. Code Ann. § 36-1-113(c) (Supp. 2016 & 2021).  The person must prove both elements by clear and convincing evidence.  See id.  In explaining how that standard is applied, the court stated:

> Under the clear and convincing evidence standard, it is important to distinguish between the specific facts found by the trial court and the combined weight of those facts.  Each specific underlying fact need only be established by a preponderance of the evidence.  Such specific underlying facts include whether a particular injury suffered by the child was the result of nonaccidental trauma, and whether the caregiver's conduct with respect to the injury was "knowing."  Once these specific underlying facts are established by a preponderance of the evidence, the court must step back to look at the combined weight of all of those facts, to see if they clearly and convincingly show severe child abuse.
>
> After the trial court finds the individual underlying facts by a preponderance of the evidence, it then considers whether the combined weight of those facts amounts to clear and convincing evidence.

3

In re Markus E., 671 S.W.3d at 457 (citations, quotations, ellipsis, and brackets omitted).

[¶7] Similarly, the Massachusetts Court of Appeals has explained the application of a clear and convincing standard:

> To dispense with parental consent to adoption, the judge must determine whether the parent is currently unfit, and whether terminating parental rights would be in the best interests of the child. When making this determination, subsidiary findings of fact must be supported by a preponderance of the evidence, with the ultimate determination of unfitness based upon clear and convincing evidence.

In re Adoption of Rhona, 823 N.E.2d 789, 797 (Mass. App. Ct. 2005) (citations omitted); see Adoption of Remiah, No. 23-P-645, 2024 WL 3024905, at *2 (Mass. App. Ct. June 17, 2024) ("When making a determination of a parent's unfitness, subsidiary findings of fact must be supported by a preponderance of evidence, with the ultimate determination of unfitness based upon clear and convincing evidence." (quotation omitted)).

[¶8] In New Hampshire, when a statute is silent with respect to the applicable standard of proof, factual findings in a civil proceeding need only be proven by a preponderance of the evidence. See Dunlop v. Daigle, 122 N.H. 295, 298 (1982) ("In a civil action the burden of proof is generally on the plaintiff to establish its case by a preponderance of the evidence."); see also Petition of Preisendorfer, 143 N.H. 50, 53 (1998) (preponderance of the evidence standard applied to hearings for child abuse registry listings); New England Ins. Co. v. Sylvia, 783 F. Supp. 6, 10 (D.N.H. 1991) ("Civil actions . . . use a preponderance standard when making findings of fact.") (citation omitted)). Thus, in line with our sister states, and because RSA 461-A:11, I(c) is silent with respect to the standard of proof applicable to the underlying facts that comprise the child's present environment, we conclude that the preponderance of the evidence standard applies to these underlying facts. See In re Markus E., 671 S.W.3d at 457; In re Adoption of Rhona, 823 N.E.2d at 797. By applying a "clear and convincing" standard to these underlying facts, the trial court erred.

[¶9] We have considered the parties' remaining arguments and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993). Accordingly, we vacate the decision of the trial court and remand for proceedings consistent with this opinion.

Vacated and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred.

4